## MANN vs. STOWELL.

1. RESCISSION OF CONTRACT — FRAUD. — When a person has been induced to part with his property by means of a fraud practiced upon him, under color of a contract, he may rescind the contract, return, or offer to return, what he received for his property within a reasonable time, and bring an action of general indebitatus assumpsit to recover the value of the property obtained from him by means of the fraud.

2. SAME. — Where M. purchased of S. a wagon for which he gave in payment the note of a third party, falsely representing that he was solvent; in an action by S. to recover against M. the value of the wagon to which M. set up payment, by means of such note: *Held,* that evidence

to show the fraud practiced on S. might be received in answer to such claim, and that he need not resort to his action on the case for the deceit.

(3 Chand., 243.)

ERROR to the Circuit Court for *Dane* County.

Action of assumpsit brought by *Stowell* against *Mann* for the value of a wagon. The defendant pleaded the general issue, and under this plea, gave evidence to prove that the wagon was paid for at the time of the purchase by delivering to the plaintiff the note of one Langley. To this proof against the defendant's objection, the plaintiff was allowed to reply by proof to show that Langley, the maker of the note, at the time of the sale of the wagon and delivery of the note in payment, was represented by *Mann* to be solvent, whereas, he was then insolvent.

The circuit judge charged the jury that if there were misrepresentation and deceit used by the defendant to induce the plaintiff to take the note, then the transaction was void for fraud, and the plaintiff had a right to return the note and bring suit for the value of the property ; if the plaintiff took the note as security merely and not as payment, and the maker of the note was found insolvent, or the note proved uncollectable, the plaintiff might sue for and recover the price or value of the wagon; that if *Mann* induced *Stowell* to take the note by misrepresentation and deceit, that is, if *Mann* made false representations in regard to Langley's ability to pay, knowing them to be false, or when he did not know anything about it, in such case, there was fraud which vitiated the contract under which *Stowell* took the note, and *Stowell* might properly sue for the value of the wagon ; that in order to make out his case, he must show that there was fraud practiced by the defendant which avoided the contract, and by reason of which the plaintiff declared it rescinded, and he must show that he had within a reasonable time returned or offered to return the note to the defendant. If there was no fraud, the plaintiff, to recover,

must show that the note was received as security only and not as absolute payment, and that Langley was insolvent or did not pay. In such case it would be enough to bring the note into court and show that he had not collected and could not collect it, and was ready to deliver it up ; that if there was no fraud used and the note was not taken as security, but as payment for the wagon, then the plaintiff could not recover. The plaintiff had a verdict and judgment, and the defendant brought error.

*Botkin & Knapp*, for plaintiff in error :

1. The court erred in allowing evidence tending to show misrepresentation and deceit as to the solvency of Langley, the maker of the note, and in charging the jury that if fraud was proved, the plaintiff could recover ; they contended that his remedy in such case was only by a special action on the case, and cited *Chandler v. Lopus*, Cro. Jac., 2 ; 1 Smith's Lead. Cases, 78, and notes ; *Seixas v. Wood*, 2 Caines, 48 ; *Holden v. Dakin*, 4 Johns., 421 ; *Sweet v. Colgate*, 20 id., 196 ; *Conner v. Henderson*, 15 Mass., 320 ; *Paisley v. Freeman*, 3 Term, 320 ; *Upson v. Vail*, 6 Johns., 181 ; *Allen v. Abington*, 11 Wend., 375 ; 1 Chitty Plead., 107 ; 7 Cranch, 69 ; 17 Mass., 182 ; *Medbury v. Watson*, 6 Met., 247 ; 6 N. H., 99, and many other cases.

*J. T. Clark*, for defendant in error, cited 2 Kent Com., 482 ; 1 Cow Treat., 252 ; 1 Cow., 359 ; 15 Johns., 475 ; 9 id., 310 ; 15 id., 247 ; 6 id., 110 ; Chitty on Bills, 268 ; 8 Wend., 535 ; 15 Mass., 79 ; 2 Denio, 136 ; 2 Phil. Ev., 199 ; 6 Term, 52 ; 6 Mass., 182 ; 9 Cow., 23 ; Chitty on Bills, 200 ; 4 Mass., 488 ; 8 Cow., 77 ; 7 Term, 60.

WHITON, J.   In this case the declaration was in general indebitatus assumpsit, for goods sold, and for money had and received.   At the trial, as appears by the bill of exceptions, *Stowell*, the plaintiff below, introduced testimony tending to show that he sold to *Mann*, the defendant below, a wagon in

exchange for a note for the sum of one hundred dollars, signed by one William Langley ; that *Mann*, at the time when the exchange was made, knowingly made false representations to the plaintiff, in respect to the ability of Langley to pay the note; that Langley was in fact insolvent, and the note not collectable. The plaintiff also introduced testimony tending to show that he offered the note to the defendant about the time it fell due, and that the defendant refused to receive it.

The judge before whom the cause was tried, instructed the jury, in substance, that if there was misrepresentation and deceit used by the defendant, to induce the plaintiff to take the note, then the transaction was void for fraud, and the plaintiff had a right to return the note at any time, and bring a suit for the value of the property ; that the plaintiff, in order to make out his case, must show, 1. That there was a fraud practiced by the defendant, which avoided the contract, by reason of which he could declare it rescinded, and then, 2. Must show that he had returned, or offered to return the note within a reasonable time; or, 3. In case there was no fraud, the plaintiff must make out that the note was received as security only, and not as an absolute payment; and consequently, that if Langley was insolvent, or did not pay, he might come on the defendant for the value of the carriage. In such case, it would be sufficient to bring the note into court, and show that he could not collect it, and was ready to deliver it up on the trial. The plaintiff in error insists that the testimony does not tend to establish a case for the plaintiff under the declaration, but that, to enable him to recover, he should have declared specially, setting out the deceit and misrepresentation of the defendant, in regard to the ability of Langley to pay the note ; also that the judge erred in admitting testimony showing the condition of Langley as to property in the spring of 1848; and also, that the judge erred in charging the jury that the plaintiff had the right (in case the contract was void for fraud) to return the note at *any time*, and bring a suit for the value of the property.

The cases bearing upon the main question in the case before us are not all consistent with each other; but upon a careful review of all which we have been able to find, we have arrived at the conclusion, that in cases like this, where the plaintiff has been induced to part with his property by means of a fraud practiced upon him, under color of a contract, he may rescind the contract, return, or offer to return, what he received for his property within a reasonable time, and bring an action of general indebitatus assumpsit to recover the value of the property obtained from him by means of the fraud.

The cases of *Wilson v. Force*, 6 Johns., 110, and *Pierce & Pierce v. Drake*, 15 id., 475, are full to the point, as ruled by the circuit judge. See also the case of *The Manufacturers and Mechanics' Bank v. Gore et al.*, 15 Mass., 75. Some of the cases referred to at the argument were decided upon a different state of facts, as when credit is obtained upon false representations in regard to the solvency of the vendee of goods, and the time for which the credit was given has not expired. In some of these cases, it has been held that assumpsit will not lie, and that, if the vendor of the goods wishes to bring his action before the credit has expired, he must bring trover, or an action founded upon the deceit.

Whether this is a correct view of the law applicable to such a state of facts, we are not called upon to decide; but upon the precise question involved in the case before us, the authorities are conclusive in favor of the ruling of the circuit judge.

The objection that the judge allowed testimony to go to the jury to show the condition of Langley, as to property, in the spring of 1848, we do not think well taken. It does not appear by the bill of exceptions, at what particular time the ex· change of property took place. A witness (McIntyre) testified at the trial that the trade took place "about two years ago last spring;" and the deposition of another witness contained the same statement. It is clear, that testimony to show the con- condition of Langley, as to property, at or about the time when

the representations in regard to his ability to pay the note were made by the defendant, was relevant and proper.

The objection that the judge charged the jury, that in case the contract was void for fraud, the plaintiff could return the note at any time, and bring a suit for the value of the property, we do not think borne out by the facts in the case. It is true, that in one part of his charge he so states; but that is corrected in a subsequent part of his charge, in which he instructs the jury expressly, that the plaintiff must show, in order to make out his case, that he returned, or offered to return the note, within a reasonable time; and this we understand the charge to be. Taking it altogether, the jury could not have been misled by it. A witness testified that he presented the note to Langley, who did not pay it, and that he took it to the defendant, in the name of the plaintiff, about the time it became due, and asked him to take it back.

The testimony of this witness shows that the offer to return the note was in fact made within a reasonable time by the plaintiff, and consequently, that this part of the plaintiff's case was made out by the evidence.

It was further insisted at the argument, on the part of the plaintiff in error (though not contained in the assignment of errors) that the judge committed an error in charging the jury, that in case the note was not received in payment for the wagon, but as security only, it would be sufficient for the plaintiff to bring the note into court, and show that he could not collect it, and had not collected it, and was ready to deliver it up on the trial.

The plaintiff in error cannot object to this instruction. The judge instructed the jury, that if there was no fraud in the transaction, the plaintiff could not recover, without showing that the note was taken as a security only, and not as a payment; and clearly, if it was not taken in payment, but as a security, then the defendant owed the plaintiff for the wagon; as the debt created by the sale of the wagon would not be extin-

guished by taking the security.    The defendant would of course be liable to an action for the price of the wagon, as soon as the credit, if any were given, had expired ; and it certainly would be sufficient for the plaintiff to show on the trial, that the security had failed.

Judgment affirmed.