# CASES

### ARGUED AND DETERMINED IN THE

# SUPREME COURT

#### OF THE

## STATE OF WISCONSIN.

---

### BATEMAN *vs.* JOHNSON, et al.

10    1
93  310

#### APPEAL FROM CIRCUIT COURT, GREEN COUNTY.

Heard October 20, 1859.]        [Decided December 14, 1859.

*Conveyances—Specific Performance—Demurrer—Practice.*

In an action for a breach of a contract to convey real estate, it is a good answer, that a good and sufficient deed of the premises has been executed by the party in whom the legal title to the premises was, and tendered to the plaintiff and he refused to receive it.

If an answer is indefinite and uncertain, the remedy under the code is by motion to make it more certain, and not by demurrer.

The case of *Young vs. Wright*, 4 Wis., 144; S. C., 6 id., 127, considered and approved.

This was an action brought by William C. Bateman in the circuit court for Green county, Wisconsin, to recover the purchase money paid by the plaintiff to Corbly Johnson and Miron C. Burnett, the defendants, on a bond to convey certain real estate situated in said county, together with damages on the bond by the defendants in refusing to convey the land described in the bond. The action was commenced by the personal service of a summons and complaint on the defendants therein.

Bateman vs. Johnson et al.

The defendants answered, denying generally all the allegations of the complaint; and Johnson further answered, that "he tendered to the plaintiff a good and sufficient deed of the premises in the complaint described, which deed was made and executed by the parties in whom the legal title to the premises then was, which deed the plaintiff refused to receive.

To this answer of Johnson the plaintiff demurred, which demurrer was overruled by the circuit court, and an appeal is taken thereon to this court.

*Potter & O'Brien*, for the appellant, with whom was *H. Stevens*, as counsel.

*E. A. West*, for the respondents.

*By the Court*, COLE, J. This was an action brought upon a contract for the sale and conveyance of real estate. The complaint contains the agreement sued on, from which it appears that the respondents agreed with the appellant to make, execute and deliver to him "a good and sufficient deed of conveyance," of a tract of land therein described, within one month from the date of the instrument. The respondent, Johnson, put in an answer denying every allegation of the complaint; and further answered, that before the commencement of the suit, and on or about the 21st day of October, &c., he tendered to the appellant a good and sufficient deed of the premises described in the complaint, which deed was executed by the parties in whom the legal title to the premises then was, and which deed the appellant refused to receive. To this answer the appellant demurred, on the ground that the facts stated in the answer did not constitute any defense to the action. The demurrer was overruled, and from the order overruling the same, this appeal is taken.

We are of the opinion that the *circuit* court properly overruled the demurrer. It is objected that the answer should set forth the nature and kind of conveyance tendered, and that the averment that "a good and sufficient deed" was tendered,

does not enable the court to determine whether the contract has been fulfilled or not. If the allegations of the answer were so indefinite or uncertain that the precise nature of the defense was not apparent, the proper remedy under the code would be by a motion to require the answer to, be made more definite and certain. Section 66, Code; R. R., 1859, chap. 125, § 22. But we also think that the answer does state, with sufficient legal certainty, the nature of the conveyance tendered.

Under the decisions of this court, an agreement to execute a good and sufficient deed of real estate, implies a conveyance not only good in point of form, but one which carries with it a good and sufficient title to the land. *Young vs. Wright,* 4 Wis., 144; same case, 6 id., 127. A performance of the contract would render it necessary that the respondents should tender a deed conveying the entire estate in the land sold; and that such a deed was tendered, the allegation in the answer implies.

It is further objected to the answer, that it states the deed was made by the parties in whom the legal title then was, while by the contract it is insisted the respondents agreed to give a conveyance of their title in the lands. By the contract the appellant was entitled to a deed conveying to him the entire estate. If the respondents were not seized of such an estate it was their duty to procure a conveyance from the party who was so seized. This is what they had contracted to do.

We do not deem it necessary to add anything further in this case. The order of the circuit court is affirmed.