January Term,
1862.

CORBITT, by ALVORD, her next friend, vs. STONEMETZ.

CORBITT
v.
STONEMETZ.

A written promise to pay a certain sum "at such times and in such articles as C. (the payee) may need for her support," is not a promissory note.

Such a promise is absolute as to the amount, and contingent or qualified only as to time and manner of payment.

Proof that the payee, at the time of demanding payment, was about to give birth to an illegitimate child, of which one of the promissors was the putative father, shows that the contingency in respect to time had arrived.

A demand of payment according to the terms of the instrument, was necessary before bringing action, unless the maker waived it.

A declaration by the maker, when requested to pay the amount in money, that he had determined not to pay it in any manner, was a waiver of a demand to pay in specific articles, and rendered him liable to an action for the amount in money.

APPEAL from the Circuit Court for *Dodge* County.

The case is stated in the opinion of the court.

*Billinghurst, Lewis & Fribert*, for appellant.

*Smith & Ordway*, for respondent:

The instrument sued on was payable in *articles*—not money—as *needed.* If the payee needed any particular articles, the respondent should have been informed of it, and a reasonable demand made upon him for them, and the complaint should have alleged these facts. 5 Cow., 516 ; 20 Wend., 196 ; 2 Pars. on Con., 161–4; 2 Denio, 145 ; 4 Iowa, 590 ; 3 Watts & Serg., 295 ; 2 Penn., 69.

May 15.    *By the Court*, COLE, J. This was an action upon an instrument in writing, of which the following is a true copy :
"Cambria, Nov. 8th, 1859. For value received, we jointly and severally promise to pay to Catharine Corbitt the sum of one hundred dollars, to be paid at such times and in such articles as the said Catharine may need for her support and maintenance. JOHN SMITH. L. STONEMETZ."

The plaintiff was non-suited in the circuit court, we suppose upon the ground that it did not appear from the evidence that *Catharine* was in need of any articles for her support, and that a proper demand had been made for such articles before the suit was brought.

It is very clear that the instrument was not a promissory note, because it was not payable absolutely in money, but at

such times and in such articles as the payee might need for
her support.    A special demand upon the note should there-
fore have been made, unless the respondent, *Stonemetz*, by his
conduct, rendered this unnecessary.    It is conceded that the
payee was *enceinte*, and that the note was given by the puta-
tive father, *Smith*, and the other maker, for the purpose of
meeting the expenses of her confinement.    Her father testi-
fied that a few weeks after the note was given, and when his
daughter was about being confined, he called upon *Stonemetz*,
and asked him for money on the note.

We construe the note to be an absolute promise to pay
one hundred dollars in such articles as *Catharine* might need.
The only qualification there was about the promise, was in
the manner in which payment was to be made.    It was to
be made in such articles as the payee might "need for her
support and maintenance."    It is said by the counsel for the
respondent, that an action would never accrue upon the note,
unless the payee was in need of something for her support.
But upon looking at the instrument, it will be seen that it
contains an absolute promise to pay one hundred dollars;
that amount to be paid when and in articles needed or called
for.    That the contingency in respect to time had arrived, is
clear.    The evidence shows that the girl was about being
confined, and surely she would need assistance at that time
if ever.    We have been referred to the case of *Prindle vs.
Caruthers*, 15 N. Y. R., 425, in support of the position that
the payee must not only call for the articles, but must actu-
ally need some for her support, before the note became pay-
able.    We have examined that case, and find nothing in it
in conflict with the views we have expressed upon this in-
strument.    The greater portion of the discussion there is
upon questions of pleading under the Code.    So far as the
case has any bearing upon this, it supports rather than con-
flicts with the construction placed upon this note.

The maker might unquestionably have insisted upon pay-
ing this note in specific articles instead of money, had it not
been for the following reason.    When the respondent, *Stone-
metz*, was called upon by *Alvord* to pay the note, he replied,
that he had intended to pay it, but had taken counsel and

was advised not to, and that he should follow that advice. He did not admit his obligation or aver his willingness to pay the note in any specific articles, but he repudiated his liability to pay anything upon it. Under such circumstances, it is obvious that a demand of specific articles would have been entirely idle, because *Stonemetz* said he had been advised to pay nothing on the note, and should follow that advice. For certainly the law is not so unreasonable as to require a demand to be made when it appears from the defendant's own conduct that such a demand would be nugatory and idle. Had *Stonemetz* indicated his readiness, or acknowledged his liability, to pay the note in such articles as *Catherine* might need, he might now insist, with some reason, upon the objection that the note was not by its terms payable in money. But having denied his obligation upon the note altogether, the case, we think, stands upon the same ground it would, had there been a demand for payment in specific articles made and refused. In the latter case, the law is well settled that the note would be payable in money. So, under the circumstances, we think the payee was relieved from the necessity of making and pressing a special demand, on account of the conduct of the respondent, *Stonemetz.* He did not refuse to pay because the demand was for money, but he placed his objection upon an entirely different ground, namely, that he was under no obligation to pay anything on the note. He cannot now change his position, and insist that there should have been a demand of specific articles.

For these reasons we think the judgment of non-suit must be reversed, and a new trial ordered.