## McWilliams vs. Brookens.

LAND CONTRACT.    *When vendor excused from tendering deed.*

Where the vendor in a land contract is able, ready and willing, at the proper time, to convey the land, and offers to do so, but the vendee absolutely refuses to receive a deed or pay any part of the purchase money as agreed, the vendor may maintain an action on the contract without having actually made and tendered a deed.

APPEAL from the Circuit Court for *Grant* County.

The complaint alleges, in substance, that on April 7, 1874, the plaintiff owned and possessed certain lands in Grant county, and on that day he made with the defendant a contract in writing for the sale of the land. The contract is recited in full, and is in the form of a bond, the penalty being $500, and the condition as follows: "The condition of the above bond is such that, whereas, the said *Isaiah McWilliams* has agreed to convey to the said *Jeremiah Brookens,* by a good and sufficient deed of warranty, free from all incumbrances, the following lands [describing them] upon the following terms: *Brookens* to pay the sum of $4,000 by September 15th next, and $4,250 on or before five years from September

15th next, with ten per cent. interest annually from date. Said *Brookens* shall execute to said *Mc Williams* a mortgage as security on said lands, duly signed and acknowledged by himself and wife; *Brookens* to have possession September 15, 1874," etc. It is further alleged that the plaintiff "has at all times been ready and willing and able to comply in all things with his said contract, and did at the time and manner specified to be done and performed by him in and by the said contract, to wit, on September 15, 1874, offer to deliver to the defendant a good and sufficient deed of all said land so bargained to the defendant, and did offer to deliver possession of said land to defendant, and did then and there demand and offer to receive from the defendant the said first payment of $4,000, and a mortgage to be executed by the defendant upon said lands for $4,250, payable at the time and manner specified in said contract to be made by defendant; but that at such time and place the defendant absolutely refused to receive a deed from the plaintiff of such land conveying to defendant a good and perfect title in and to said land, and utterly refused to pay to plaintiff any moneys towards purchasing said land, and to execute to plaintiff said mortgage, and utterly refused to perform each and everything agreed in said written contract to be done and performed by him." Special damage is alleged.

The defendant demurred to the complaint for insufficiency of facts; and appealed from an order overruling the demurrer.

The cause was submitted on briefs.

*Geo. C. Hazelton* and *Alexander Provis*, for appellant, contended, 1. That by the terms of the bond, the vendee's covenant to pay was dependent upon the vendor's covenant to convey. It is the duty of courts to enforce contracts as the parties have made them, if unexceptionable, and not to make new contracts. *Farmers' L. & T. Co. v. Commercial Bank*, 15 Wis., 424, and cases cited; *Heath v. Van Cott*, 9 id., 516. The making of the conveyance was a necessary precedent act

to the execution of a mortgage, and this requirement of the bond shows the intention of the parties. *Kellogg v. Nelson*, 5 Wis., 129; *Kingston v. Preston*, 1 Doug., 690; *Powers v. Ware*, 2 Pick., 456; *Barruso v. Madan*, 2 Johns., 148; *Cunningham v. Morrell*, 10 id., 205; *Grant v. Johnson*, 1 Seld., 247; *Van Schaick v. Winne*, 16 Barb., 90. 2. That the complaint should therefore have alleged execution and tender of the deed. *Kellogg v. Nelson, supra; Bateman v. Johnson*, 10 Wis., 1; *Culver v. Burgher*, 21 Barb., 324; Bingham on Sale of Real Property, 733, 736, 737, 751; *Snow v. Johnson*, 1 Minn., 48; *Glazebrook v. Wordrow*, 8 Term, 365; *Washington v. Ogden*, 1 Black, 456.

*Barber & Clementson*, for respondent:

1. It was not necessary for the plaintiff to actually execute a deed after his offer and the defendant's refusal to comply with the contract. *Howland v. Leach*, 11 Pick., 155; *Tinney v. Ashley*, 15 id., 552; *Carpenter v. Holcomb*, 105 Mass., 281; *Cobb v. Hall*, 33 Vt., 233; *Bank of Columbia v. Hagner*, 1 Pet., 455; *White v. Mann*, 26 Maine, 361; *Chamberlain v. Black*, 55 id., 87; *Bellinger v. Kitts*, 6 Barb., 273; *Stone v. Sprague*, 20 id., 509; *Henry v. Raiman*, 25 Pa. St., 354; *Wheeler v. Garcia*, 40 N. Y., 584; *Hazard v. Loring*, 10 Cush., 267; *Hanna v. Ratekin*, 43 Ill., 462; *Skinner v. Tinker*, 34 Barb., 333; *Slingerland v. Morse*, 8 Johns., 474; *Barker v. Parkenhorn*, 2 Wash. C. C., 142; *Crist v. Armour*, 34 Barb., 378; *Vaupell v. Woodward*, 2 Sandf. Ch., 143; *Everett v. Salters*, 15 Wend., 474; *Warren v. Mains*, 7 Johns., 476; *Hunter v. Warner*, 1 Wis., 147; *Wright v. Young*, 6 id., 129; 2 Parsons on Con., 677. 2. By the contract, the $4,000 was to be paid "by" September 15, 1874, which means on or before that date. *Coonley v. Anderson*, 1 Hill, 519. The defendant was to have possession on that day. Delivery of the deed after that time might have been sufficient. The payment might be considered as dependent only on the delivery of possession, which the plaintiff offered to give on that day.

2 Parsons on Con. (5th ed.), 529; *Paine v. Brown*, 37 N. Y., 232; *Bailey v. Clay*, 4 Rand., 346.

COLE, J. The objection taken to the complaint is, that it states no cause of action. It is said that the conditions in the bond or agreement sued upon are concurrent and mutually dependent, and that neither party can maintain an action for the refusal or neglect of the other to perform, without showing performance or its equivalent on his own part; and that therefore the complaint is defective in substance because it does not show that a deed of the lands sold was actually executed in due form by the plaintiff and tendered to the defendant. The question then is, Does the complaint show a sufficient performance of the contract by the plaintiff, or that he was able, ready and willing to perform at the proper time and manner, but was prevented doing so by the act of the defendant?

It is in substance alleged that the plaintiff has at all times been ready, willing and able to comply with his contract, and that he did, on the 15th day of September, 1874, offer to deliver to the defendant a good and sufficient deed of the land sold, and did offer to deliver possession of the premises, and then demanded the first payment of $4,000; but that the defendant then absolutely refused to receive a deed conveying a perfect title, and refused to pay any money on the purchase. It was doubtless the right of the defendant, under the agreement, to have a deed conveying a good title, before he could be called upon to make the first payment or execute a mortgage. But he did not require the execution and delivery of the conveyance. On the contrary, when the plaintiff offered to deliver to him a proper deed, he absolutely declined to receive it. It would have been a very idle act for the plaintiff, under such circumstances, to actually execute, acknowledge and tender a deed, in view of the peremptory refusal of the defendant to accept it. The law requires the performance

of no such useless ceremony in business transactions. Prof. Parsons lays down the rule on this question as follows: "Concurrent promises are those where the acts to be performed are simultaneous, and either party may sue the other for a breach of the contract, on showing, either that he was able, ready and willing to do this act at the proper time and in the proper way, *or* that he was prevented from doing it, or being so ready to do it, by the act or default of the other contracting party." 2 Parsons on Contracts, 677; *Howland v. Leach*, 11 Pick., 151; *Tinney v. Ashley*, 15 id., 546; *Carpenter v. Holcomb*, 105 Mass., 280. Within the doctrine of these cases, if the plaintiff was able, ready and willing to perform the contract on his part when he offered to deliver a sufficient deed, which the defendant refused to receive, this was equivalent to tender of full performance. By the act of the defendant he was relieved from the necessity of actually executing and tendering a deed. "Readiness, within the meaning of the rule, does not require full and complete preparation at the moment when the offer is made." *Carpenter v. Holcomb, supra.* The plaintiff was not bound to make out and tender a deed when the defendant had declined to accept it.

There is nothing in the case of *Bateman v. Johnson*, 10 Wis., 1, in conflict with these views. That was an action upon a contract for the sale and conveyance of real estate, brought by the vendee against the vendor. The defense was, that a good and sufficient deed of the premises was tendered the plaintiff before the commencement of the suit, which was refused. This was held to be a complete defense. In other words, it appeared from the answer that there had been no breach of the contract on the part of the vendor.

We think the demurrer in this case was properly overruled, and the order must therefore be affirmed.

*By the Court.* — Order affirmed.