## POTTER VS. TAGGART.

*February 7 — March 14, 1882.*

PLEADING: PRESUMPTIONS: RESCISSION OF SALE. *(1) Demurrer* ore tenus; *presumptions to sustain pleading. (2) Complaint sufficiently alleges fraud in sale. (3) Notice of election to rescind sufficiently alleged. (4) When tender of thing sold need not be shown in action to rescind sale. (5) Effect of omission to aver plaintiff's readiness, etc., to restore property.*

1. A greater latitude of presumption will be indulged to sustain a complaint where the objection that it does not state a cause of action is first taken at the trial, than where it is previously taken by demurrer.

2. Action to rescind a sale of a note and mortgage, on the ground that plaintiff was induced to purchase by defendant's false and fraudulent representation that the lien of the mortgage still continued upon the whole of the land therein described, being sixty-two acres, when in fact twenty-two acres had been released by the defendant (the mortgagee). The complaint alleges that, because of such release, the mortgage and note became of little value, and that plaintiff had thereby "lost all the benefit and advantage which he would otherwise have derived from the purchase." On an objection to the complaint first taken at the trial: *Held*, that it sufficiently alleges a fraudulent representation or concealment, injurious to the plaintiff.

3. The complaint avers that, as soon as plaintiff learned the facts, he went to defendant "for the purpose of demanding of him a return" of the sum paid for the note and mortgage, "but the defendant then and there refused to do anything in regard to the matter, and then and there refused, and still does refuse, to return to plaintiff said sum or any part thereof." *Held*, that this sufficiently shows a notice to defendant of plaintiff's election to rescind the contract, and an offer to return the note and mortgage.

4. No formal *tender* of the thing sold is necessary when the vendor refuses to assent to a rescission of the sale and repay the purchase money.

5. The omission of the complaint to state that the plaintiff is ready and willing to restore the note and mortgage to defendant, does not render it liable to a demurrer *ore tenus;* but plaintiff will be required to prove on the trial that he is in a condition to make such restoration, and should make it then and there.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is thus stated by Mr. Justice·TAYLOR:

"This action was brought to recover the money paid to de

fendant for a note and mortgage purchased from him by the plaintiff, upon the ground of fraud and misrepresentation on defendant's part, in the sale thereof. The complaint alleges that the defendant was the owner and holder of a certain note, and a mortgage which was given to secure the payment thereof, setting out the note, which is dated May 22, 1873, and is for $500, payable five years from its date, with interest payable annually at ten per cent. after July 1, 1873. The mortgage was upon a certain lot of land therein described, containing 62 1-10 acres, situate in Winnebago county. The note and mortgage were made by one J. W. Sanders. The complaint then alleges that the mortgagor, on June 9, 1873, sold to one H. B. Jackson, twenty-two acres of said mortgaged premises; that the defendant, for the consideration of $125 then paid to him, released said twenty-two acres from the lien of said mortgage; and that the $125 so received by the defendant was indorsed by him upon said note of $500; that afterwards, and on April 20, 1877, at the request of the defendant, the plaintiff bargained with defendant for the purchase of said note and mortgage, and purchased the same from him for the sum of $403.91. It then alleges that at the time of such purchase of said note and mortgage, plaintiff had no knowledge of the dealings between Sanders and Jackson, nor of the execution by defendant of said release or satisfaction of said mortgage upon that portion of said land so conveyed by Sanders to Jackson; that, being so possessed of said note and mortgage, on said 20th day of April, 1877, defendant 'wrongfully and injuriously contriving and intending to defraud and injure the plaintiff, falsely, fraudulently and deceitfully pretended and represented to plaintiff, and by fraud induced plaintiff to believe and suppose, that said note, so reduced in amount by said credit or indorsement upon it, was secured by said mortgage upon the whole of the land described in said mortgage; and wrongfully and fraudulently concealed from plaintiff the fact that he, the said defendant, had released a large part or

portion of the land described in said mortgage;' that, not knowing that defendant had executed said release or satisfaction of said mortgage upon that portion of the land conveyed by Sanders to Jackson, and relying upon the representations of defendant that all the land described in the mortgage was a security for the unpaid balance on said note, plaintiff was thereby induced to purchase said note and mortgage of the defendant, and then and there paid to him $403.91 as and for the price and value of said note and mortgage; that because of the execution of said release or satisfaction as to a portion of the land 'said mortgage became thereby and was of much less value, and said note became and was of much less value, than they would have been had not said release been executed as aforesaid; and that said note and mortgage thereby became of little value to the plaintiff, and thereby the plaintiff has lost all the benefit and advantage which he might and would have derived from the purchase as aforesaid of said note and mortgage, had said representation been true, and as represented to him by the said defendant;' and that 'as soon as plaintiff ascertained that the said representations were not true, to wit, on or about the 20th day of September, 1879, he went to the defendant for the purpose of demanding of him a return of the $403.91, paid by plaintiff to defendant as aforesaid, and to return to him, the said defendant said note and mortgage; but the defendant then and there refused to do anything in regard to the matter, and then and there refused, and still refuses, to return to plaintiff said sum, or any part thereof.' Judgment is therefor demanded against the defendant for the said sum of $403.91, with interest from the 20th day of April, 1877, etc.

"To this complaint the defendant answered a general denial.

"The case was placed upon the calendar after due notice of trial, and was called for trial in its order upon the calendar. Upon the trial, the respondent objected to the introduction of any evidence in the case, on the ground that the complaint did not state facts sufficient to constitute a cause of action;

the objection was sustained, and judgment entered dismissing the complaint with costs; and plaintiff appealed from the judgment."

For the appellant there was a brief by *W. W. D. Turner*, his attorney, and *Geo. E. Sutherland*, of counsel, and oral argument by *Mr. Sutherland*.

*Chas. W. Felker*, for the respondent.

TAYLOR, J.   It will be seen by the complaint that the appellant seeks to rescind a contract of purchase, and recover back from the respondent the purchase money of the note and mortgage, basing his rescission upon the ground of the alleged fraudulent representations and concealment on the part of the respondent of the fact that twenty-two acres of the land described in the mortgage had been released by the respondent before the sale thereof to the appellant.

The learned counsel for the respondent insists —*first*, that the complaint does not show that the appellant was injured by the alleged fraudulent representations and concealment of the respondent, and so fails to state any reason for a rescission of the contract; and *second*, that it fails to show that he returned or offered to return the note and mortgage to the respondent before the action was commenced, and in that respect fails to show him in a position to demand his purchase money back.

We are inclined to hold that after answer, upon an objection taken for the first time to its sufficiency, the complaint is sufficient in both respects.   In the case of *Hazleton v. Union Bank*, 32 Wis., 34–43, Justice LYON, in delivering the opinion, says: " The rule is well settled that a greater latitude of presumption may be indulged in to sustain a complaint where the objection that it does not state a cause of action is taken for the first time at the trial, and after an issue of fact has been taken upon it by answer, than where the same objection is taken by demurrer."   The same rule was stated in *Teetshorn v. Hull*, 30 Wis., 162–167; *Hamlin v. Haight*, 32 Wis., 238–242; *Luth-*

*eran Evangelical Church v. Gristgau,* 34 Wis., 328; *Johnson v. Ashland Lumber Co.,* 45 Wis., 119; *Johannes v. Youngs,* id., 448; *Wittmann v. Watry,* id., 493. Under the rule established by the cases cited, we think the complaint sufficiently alleges that the respondent was guilty of making either a fraudulent representation or a fraudulent concealment of the fact that a part of the property described in the mortgage had been released before the date of the sale, and that such fraud was injurious to the appellant.

The allegations of the complaint show, as a matter of fact, that the mortgage was of less value as a security after the release of the twenty-two acres than it was before such release. It alleges that the twenty-two acres were in fact sold for $125; and it is a fair inference that the mortgage as a security was at least worth as much less as the value of the land sold and released. But in addition to this, there is a positive allegation in the complaint that, by reason of the release of the twenty-two acres, "the mortgage became thereby and was of much less value, and that said note became and was of less value, than they would have been had not said release been executed, and that said note and mortgage thereby became of little value to the plaintiff, and thereby the plaintiff has lost all the benefit and advantage which he might and would have derived from the purchase of said note and mortgage."

If it be necessary, in order to entitle a party who has been induced to make a purchase of a note and mortgage or any other property by the false and fraudulent representations of his vendor, to show that he has been damaged in fact by such false representations, in order to entitle him to rescind the contract and recover back the purchase money, it would seem that the allegations above quoted from the complaint clearly show such damage. Certainly, if his note and mortgage were still well secured, notwithstanding the release, then the plaintiff could not have truthfully made the statement " that he had lost all the benefit and advantage which he might and would

have derived from the purchase of said note and mortgage." The only legitimate benefit and advantage he could derive from the purchase of the note and mortgage would be to receive upon the same the amount secured thereby, with interest; and if, by reason of the release, he was unable to secure the payment of that amount, then he was damaged by such release. Upon this point, though the allegations are quite general, yet, under the rule above quoted, they are quite sufficient to show that the appellant has sustained damage by reason of the release of the twenty-two acres before his purchase, and that by reason of such release he would be unable to collect the amount due upon the same.

Upon the second point we think the allegations of the complaint are sufficient. The rule as to the rescission of contracts, stated by Leake in his Digest of the Law of Contracts, is as follows: " The fact that the contract was induced by fraud gives the party defrauded the right, on discovering the fraud, to elect whether he will continue to treat the contract as binding, or avoid it; but the contract continues valid until he has determined his election by avoiding it." " He must determine his election to rescind by express words to that effect, or by some unequivocal act, under circumstances which render such words or act binding." The complaint in this action states that, as soon as the appellant ascertained that he had been defrauded in the purchase of the note and mortgage, he immediately went to the respondent "for the purpose of demanding of him a return of the $403.91 so paid by the appellant to the respondent, and to return to him the said note and mortgage; but the respondent then and there refused to do anything in regard to the matter, and then and there refused, and still does refuse, to return to plaintiff said sum or any part thereof." It is true, this allegation does not state in express words that the appellant offered to return the note and mortgage to the respondent, but we think it is fairly to be inferred from the language used that he did make such

offer. He says he went to the respondent for the purpose of making such offer and to demand his money back, and that the respondent refused to do anything in regard to the matter, and "then and there refused, and still does refuse, to return the money or any part thereof." The refusal of the respondent to do anything about the matter, and to return the money or any part thereof, clearly implies that he was requested by the appellant to do something about it and to return the money.

In order to rescind a contract by a purchaser, when a ground for rescission exists, it is not necessary to make any formal tender of the property held by the purchaser; it is sufficient to offer to make return of the same (see *Van Trott v. Wiese*, 36 Wis., 439–448; *Mann v. Stowell*, 3 Pin., 220); and if the vendor refuses to receive the property back and return the purchase money, or do anything except to keep what he has, no formal tender of the property is necessary. The right of the vendor to have the property formally tendered is waived by his refusal to accept it in advance.

In *Wright v. Young*, 6 Wis., 127, this court say: "In this case the appellant has from the outset resisted the performance of the contract, and insisted that it was not binding on him. Any tender to him, while occupying this ground of defense, would have been an idle ceremony." So, in the case at bar, the respondent insists that the appellant has no right to rescind the contract, and refuses to return the purchase money, or any part thereof. By taking that position he relieves the appellant from making any formal tender of the note and mortgage. The appellant has done all that is necessary to maintain his action when he shows that he has offered to return what he had received upon the contract, and that the respondent has refused to receive it and return the purchase money. The following cases hold the same rule: *Racine Co. Bank v. Keep*, 13 Wis., 209–214; *Corbitt v. Stonemetz*, 15 Wis., 170–172;

*McWilliams* v. *Brookens*, 39 Wis., 334; *Cunningham* v. *Brown*, 44 Wis., 72.

If the vendor in such case is ready to rescind on his part, then it becomes necessary for the purchaser to tender and return to the vendor all he has received under the contract. When the vendor refuses to do anything in the matter, and the vendee brings his action to recover the purchase price, he must prove on the trial that he is in a condition to restore to the vendor what he received upon the contract, and should make restoration upon the trial. If the purchaser of a horse seeks to rescind the contract for the fraud of the vendor, he must, before suit brought, notify the vendor that he elects to rescind the contract, and offer to return the horse; but if the vendor refuses to do anything about the matter, he must keep the horse for the vendor, and subject to his order, and must, upon the trial, show that the horse is subject to the order of the vendor. The complaint would have been more formal if it had stated that the appellant was then ready and willing to return the note and mortgage to the respondent; but we do not think this statement so essential as to make the complaint the subject of a demurrer *ore tenus* on the trial.

The plaintiff's right to bring an action to recover back the purchase money which has been wrongfully obtained from him on a sale of property which has been delivered to him, is perfect when he has, upon the discovery of the fraud, promptly notified the vendor that he elects to rescind the contract and offers to return the property purchased; and possibly, when the vendor does not in terms refuse to recognize his right to have the contract rescinded, he must make a formal tender of the property received by him; and when the vendor refuses absolutely to refund the purchase money, or absolutely refuses to recognize the vendee's right to rescind, no formal tender is necessary, and notice of his determination to rescind the contract on account of the fraud, and an offer to return the prop-

Potter vs. Taggart.

erty purchased, are sufficient to enable him to maintain his action. All the rights of the vendor in such case can be preserved upon the trial by requiring the plaintiff to show that he is able and willing to return the property purchased, and he may be required before judgment to place the property where the defendant can obtain possession of the same. See *Clough v. London & N. W. Railway*, L. R., 7 Exch., 26; *Nellis v. Bradley*, 1 Sandf., 560; *Coghill v. Boring*, 15 Cal., 213.

Under the decisions of this court the plaintiff might have brought an action in form for money had and received by the defendant for the plaintiff's use, without setting out any of the facts upon which his right of action depended; but upon the trial he would be compelled to show the fraud of the defendant in the sale of the note and mortgage, and his offer to return the note and mortgage before action brought, in order to entitle him to judgment. See *Mann v. Stowell*, 3 Pin., 220; *Simmons v. Putnam*, 11 Wis., 193; *Grannis v. Hooker*, 29 Wis., 65. We think if the appellant proves the allegations of his complaint, when construed liberally in accordance with the rule above stated, he would be entitled to recover the purchase money paid for the note and mortgage, for the reason that it was obtained by fraud, which was injurious to the appellant, and that the rights of the respondent can be preserved by requiring the appellant to bring the note and mortgage into court on the trial and execute an assignment thereof to the respondent.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.