BELL, Respondent, vs. ANDERSON, Appellant.

*October 16 — November 5, 1889.*

SALE OF CHATTELS: RESCISSION. *(1) Evidence: Ability to return. (2) Occasional use. (3, 4) Recovery of purchase price: Goods taken in exchange: Ownership. (5) Judgment: Surplusage.*

1. In an action to recover the consideration paid for a piano on the ground that the purchase was induced by fraud, it appeared that the defendant took the instrument to the plaintiff's house without her consent or request, and was allowed to leave it on trial, and that it was still there down to the week of the trial; and there was no suggestion that it had ever been removed. *Held,* that the presumption was that the piano still remained there for the defendant, and that a nonsuit on the ground that there was no proof that the plaintiff was in a condition, at the time of the trial, to return the piano, was properly denied.

2. The plaintiff having occasionally used the piano, the objection that such use was inconsistent with a rescission of the contract of purchase cannot be raised for the first time on appeal to this court.

3. The defendant, having taken an organ as a part of the consideration, and having refused, on demand, to surrender the same, cannot complain of a judgment against him for the whole amount of the consideration, leaving him the owner of the organ; and such judgment does not violate the rule that a contract cannot be partly affirmed and partly rescinded.

4. Though the organ belonged to the plaintiff's mother, yet, she having consented to its exchange for the piano, the plaintiff's recovery of its value is a bar to any claim by the mother against the defendant.

5. A clause in the judgment giving the defendant the right to remove the piano from the plaintiff's residence is surplusage, but being favorable to the defendant it furnishes no valid ground for exception on his part.

APPEAL from the Circuit Court for *Fond du Lac* County.

In March, 1888, plaintiff purchased a piano of defendant, and paid him therefor $200 in cash, and an old organ. About two weeks later, she offered to return the piano to the defendant, and demanded of him the organ and repayment of the $200. The defendant refused to accept the

piano, and also refused to return the organ or refund the money. The ground upon which the plaintiff thus sought to rescind the purchase was that certain representations made by the defendant to her concerning the age and qualities of the piano, on which she relied in making the purchase, were false and fraudulent. This action is to recover the consideration paid for the piano. The action is in tort.

The plaintiff recovered judgment for such consideration, and interest thereon from the date of the demand. A motion for a new trial was denied. The defendant appeals from the judgment.

For the appellant there was a brief by *Duffy & McCrory*, and oral argument by *J. H. McCrory*.

For the respondent there was a brief by *Knowles & Phelps*, and oral argument by *Geo. P. Knowles*.

LYON, J. The law is that if, on the sale of property, the vendor knowingly makes any false representation to the vendee affecting the character or quality of the article sold, upon which the vendee relies and upon the faith of which he purchases, such vendee may (if he do so within a reasonable time) rescind the purchase by offering to return the property so purchased and demanding a return of the consideration paid therefor. *Potter v. Taggart*, 54 Wis. 395, and cases cited. The same right of rescission obtains, in certain cases, for a breach of warranty unaccompanied by fraud. *Boothby v. Scales*, 27 Wis. 626, and cases cited; *Paige v. McMillan*, 41 Wis. 337. But the latter rule has no application to this case, for the action is founded upon the alleged fraudulent representations made by the defendant.

The testimony tends to show that the defendant represented to plaintiff that the piano had been in use not more than six months or a year, and was as good as a new instrument, when in fact it was fifteen or twenty years old,

Bell vs. Anderson.

or more; and that by reason of its age or use, or both, it was defective and was not as good as a new instrument of the same kind; also that on discovering the defects in the instrument, and its age, she immediately offered to return it. The jury, by finding for the plaintiff, must have found that the testimony established those facts, and the further fact that the defendant knew that the piano was not as represented. So, unless some error was committed on the trial, the judgment is right. This brings us to the consideration of the errors assigned as grounds for the reversal of the judgment.

1. It is claimed on the authority of *Potter v. Taggart*, 54 Wis. 395, that the motion of the defendant for a nonsuit, made at the close of plaintiff's testimony, should have been granted, because there was no proof that plaintiff was in a condition, at the time of the trial, to return the piano. The testimony tends to show that after the defendant had proposed to sell the plaintiff the piano, but before she had decided to purchase it or any piano, the defendant took the instrument to her house without her consent or any request by her that he should do so, and was allowed to leave it on trial. Two days afterwards she concluded to purchase it, and did so, paying the consideration therefor. It was proved on the trial that the instrument was still there down to the week of the trial, and there is no suggestion that it has ever been removed. The presumption is that it still remains there for the defendant. Thus the proofs meet the requirement of the rule.

2. The plaintiff testified that she had used the piano a little, as she had occasion, down to the time of trial. It is claimed that such use thereof is inconsistent with a rescission of the contract of purchase, and hence that her offer to return the instrument is nugatory. Such use may or may not be inconsistent with a rescission of the contract. Were we deciding the question of fact, inasmuch as the

defendant, by refusing to take the piano from plaintiff's home, compelled her and her family to remain involuntary bailees of it, and inasmuch as it is not suggested that it was injured by such use, we should hold the use not inconsistent with the rescission of the contract. But the most that can be successfully claimed by the defendant is that it was for the jury, under proper instructions, to say whether the use was such an assertion of ownership by the plaintiff as would render nugatory the offer to return the instrument. *Churchill v. Price*, 44 Wis. 540. But no instruction on the subject was given or asked, and it does not appear that it was mentioned on the trial. It is too late to raise the question for the first time in this court. Besides, the defendant has no exception which raises the question.

3. Counsel for defendant maintain (correctly, no doubt) that a contract cannot be affirmed in part and rescinded in part. We do not see what bearing the rule has in this case, for the whole contract was rescinded. It is supposed, however, that the rule is invoked because the result of the judgment is to leave the defendant the owner of the organ, as well as of the piano. That is his own fault. Had he surrendered the organ when demanded, it would now belong to the plaintiff. By refusing so to surrender it, he made himself liable for the value of it in money, and thus made the organ his own, at the option of the plaintiff.

It may here be observed that the plaintiff testified the organ belonged to her mother, but it appears that she traded it to the defendant with her mother's consent. As between the parties to this action, therefore, the plaintiff was the owner of the organ. Her recovery of its value in this action is a bar to any claim of her mother upon the defendant in respect thereto.

4. Defendant further testified on the trial that, at a certain time when he was trying to sell the piano to plaintiff, he showed her his books and bills, in which it appeared

that the cost of new instruments of the same kind was $400. He also said he had those books. At this point an objection was made on behalf of plaintiff, and sustained. The record does not advise us of the purpose or scope of the objection. The books and bills were not offered in evidence. Had they been so offered and rejected, the ruling would have been correct. This, for three reasons: (1) The fact was already in proof, and undisputed, that the entries in the books and bills were to the effect that the cost of new pianos of that kind was $400; (2) such entries were not competent evidence of the cost of a new piano; and (3) it is immaterial in this action what it did cost.

5. Certain exceptions are taken to portions of the charge to the jury. None of them are well taken. The charge is a clear and accurate statement of the law of the case as above laid down. It is unnecessary to insert it in the report of the case, or to make further reference to it.

6. Counsel objected to a clause in the judgment giving the defendant the right to remove the piano from the residence of the plaintiff. The clause is surplusage. The piano is the defendant's property, or will be when he pays the judgment herein, and he then will have the right to take it wherever he finds it, without any provision to that effect in the judgment. Yet the provision is in his favor, and hence it furnishes no valid ground for exception on his part.

There are no other exceptions which require special notice. Finding no material error in the rulings of the court, we must affirm the judgment.

*By the Court.*— Judgment affirmed.