## DERMOTT LAND & LUMBER CO. v. WALTER A. ZELNICKER SUPPLY CO.*

(Circuit Court of Appeals, Eighth Circuit. March 9, 1921.)

No. 5651.

1. Sales ⬥124—Rescission for breach does not require surrender of profits made.

Where a contract for the sale of the material in a logging railroad, to be delivered by the seller, was rescinded by the purchaser after part performance for failure of the seller to make further deliveries, and the purchaser brought suit for the balance of an advance payment made, the seller *held* not entitled to credit for a profit made by the purchaser on retail of the material delivered.

2. Contracts ⬥266(1)—Rule as to restoration of consideration on rescission to be equitably applied.

The rule that a party who rescinds a contract shall return what he has received thereunder is to be applied in accordance with equitable principles, and is not to be strictly construed, where the rescission was for breach by the other party.

Lewis, District Judge, dissenting.

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Suit in equity by the Walter A. Zelnicker Supply Company against the Dermott Land & Lumber Company. Decree for complainant, and defendant appeals. Affirmed.

Williamson & Williamson, of Monticello, Ark., and John M. Moore, W. B. Smith, J. Merrick Moore, and H. M. Trieber, all of Little Rock, Ark., for appellant.

L. E. Sawyer, of Hot Springs, Ark., and Randolph Laughlin, of St. Louis, Mo., for appellee.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied June 21, 1921.

Before HOOK and CARLAND, Circuit Judges, and LEWIS, District Judge.

CARLAND, Circuit Judge. Appellee commenced this action at law to recover money which it had paid to appellant in advance as a part of the consideration of a contract executed by it and appellant August 10, 1918, and modified by a supplemental contract dated February 19, 1919, which contract appellee had rescinded for the failure of appellant, after partial performance, to perform in full. After issue joined, it appearing that an accounting would be necessary, the cause was by consent transferred to the equity docket and thereafter proceeded with as a cause in equity. On final hearing a decree was entered in favor of appellee for $20,513.23, being the amount sued for, with interest. Appellant claims that the trial court erred in not allowing a credit to it in the sum of $4,124.96, and in the allowance of interest. The basis of appellant's claim is as follows:

By the original contract between the parties appellee purchased and appellant sold a logging railroad and its equipment for the sum of $122,500, to be paid as set forth in the contract. The different items making up the logging railroad were stated in the contract. The purchase price was to be paid as follows:

"Said purchase price of one hundred twenty-two thousand five hundred dollars ($122,500.00), less any abatement thereof or deductions therefrom as hereinbefore provided, shall be paid by the purchaser to the seller in the manner and at the times following, that is to say, twenty-two thousand five hundred dollars ($22,500.00) at the time of the execution and delivery of this agreement, ninety thousand dollars ($90,000.00) in installments at the rate of forty-five dollars ($45.00) per gross ton for all rails delivered and loaded f. o. b. cars as aforesaid, according to sight drafts drawn by the seller on the purchaser, with bills of lading attached, or as deliveries are made on the ground as aforesaid, then according to the weight of such rails so delivered on the ground; and the balance, if any, but not exceeding ten thousand dollars ($10,000.00), upon tender of the purchaser taking the remainder of said rails, track material and equipment hereby sold to and purchased by the purchaser."

The property was to be delivered by January 10, 1919. It was not so delivered. The failure of appellant to deliver was the cause of the supplemental agreement of February 19, 1919. This supplemental agreement extended the time of delivery and contained this language:

"The purchase price under said contract of August 10, 1918, is amended from $122,500.00 to $104,500.00. The reduction of $18,000.00 is to be absorbed by reducing the price per ton on drafts covering rail delivered hereunder from $45.00 per ton, as stated in said contract of August 10, 1918, to $35.00 per ton. If more than 1,800 tons are delivered, the drafts for additional tonnage shall be made at $45.00 per ton, and if less than 1,800 tons are delivered, the unabsorbed balance of the $18,000.00 reduction shall be paid by the seller to the purchaser forthwith upon completion of this contract."

[1] Appellant failed to complete the delivery of the property sold, but did deliver 635.75 tons of rail, accessories, and material, and also 17 logging cars. Appellee paid for the property delivered in all $27,-128.30; $23,949.55 was paid on invoices, and $3,178.75 by absorption from the initial deposit of $22,500. For log cars appellee paid $2,250. It sold the property delivered for a net advance, as appellant claims,

of $4,124.96. Deducting the sum of $3,178.75, the amount absorbed from the initial deposit, there would remain $19,321.25, for which sum appellee brought suit, less a small deduction of $5.63 for certain angle bars. Appellant insists that there should be deducted from the sum sued for the sum of $4,124.96, being the difference between what appellee paid for the property delivered and what it sold it for. It also claims that the contract of August 10, 1918, as modified by the contract of February 19, 1919, was an entire and indivisible contract; that, if appellee chose to rescind, it must return to appellant all that it received on the contract, including the profit above specified; that appellee could not rescind without it rescinded in toto. On the other hand, appellee claims that the contract was divisible, and that the manner in which the payments for material delivered were to be made showed either that the contract was divisible or that when these different installments of material were made and paid for that fact removed the particular installment from the operation of the contract, and that so far as deliveries were made they must be left out of consideration, leaving the contract to be rescinded as to the property not delivered. We are not disposed to enter into a discussion as to whether the contract was entire and indivisible or not. This is not an action in which appellee is asking the court to rescind the contract. It exercised that right itself, as it lawfully could, and no complaint is made as to its right to do so.

[2] It is now simply suing the appellant for the money paid in advance under the contract. Whether a contract is rescinded by a party to the same, or pursuant to a judgment of a court of equity, the settlement between the parties must be made in accordance with equitable principles. In this case appellant, which defaulted in the performance of the contract, and therefore is in the wrong, is asking a court of equity to award it profits made ·by the party who was wronged. The rule that the party who seeks to rescind a contract shall return whatever he has received thereunder, like other rules of justice, must be so applied in the practical administration of justice as shall best subserve in each particular case the undoing of wrong and the vindication of right. Roberts v. James, 83 N. J. Law, 492, 85 Atl. 244, Ann. Cas. 1914B, 859. Some of the earlier cases enforced the rule with ·much strictness, but the trend of the later cases is in favor of a more reasonable and equitable application of the rule. Corse v. Minnesota Grain Co., 94 Minn. 331, 102 N. W. 728; Sisson v. Hill, 18 R. I. 212, 26 Atl. 196, 21 L. R. A. 206; Bostwick v. Mutual Life Ins. Co., 116 Wis. 392, 89 N. W. 538, 92 N. W. 246, 67 L. R. A. 705; Bell v. Anderson, 74 Wis. 638, 43 N. W. 666; Potter v. Taggart, 54 Wis. 395, 11 N. W. 678.

Appellant, having received payment for the property delivered in accordance with the terms of the contract, has received what the parties agreed was the value of the property delivered. Upon what principle of equity is the wrongdoer to receive, not only the agreed value, but in addition the profit made by the party not in fault by its own labor and expense. We do not think that justice requires appellee to

account for what the property delivered sold for. This being so, it was entitled to interest on its claim.

The decree of the trial court is affirmed.

LEWIS, District Judge. My dissent rests upon two propositions relied on by appellant, which I think should have been applied in this case:

First, the purchase and sale was of all the material (excluding only cross-ties) in a logging railroad, including rolling stock at an agreed gross price. Deliveries were to be made by the seller in installments as ordered, and on each delivery a payment down was made by the buyer. A small per cent. of these payments was taken out of an advanced deposit of $22,500 with the seller, made by the buyer when the contract was executed, and the balance was paid over on each delivery. Thus the contract was entire and indivisible, and could not be split up into as many contracts as the number of deliveries to be made; and in that event rescission must be in toto. Cresswell Co. v. Martindale, 63 Fed. 84, 86, 11 C. C. A. 33; Consumers' Bread Co. v. Flour Mills, 239 Fed. 693, 152 C. C. A. 527; Mining & R. Co. v. Brown, 56 Colo. 301, 312, 138 Pac. 51; 13 C. J. 623.

Second, the buyer rescinded after several deliveries and failure to make more, and then sued the seller for the unapplied balance of the deposit, $19,315.66. The case was submitted on stipulated facts, in which the seller admitted the balance of the deposit in its hands, but claimed that inasmuch as there had been rescission of the contract it should be allowed $4,124.96, as the reasonable value of the goods delivered, over and above what it had been paid for them—that it be put in statu quo. The court declined to deduct the amount claimed, which was practically conceded as a matter of fact, from the balance of the deposit. I think this was error. Lyon v. Bertram, 20 How. 149, 15 L. Ed. 847; Kauffman v. Raeder, 108 Fed. 171, 47 C. C. A. 278, 54 L. R. A. 247; Eclipse Bicycle Co. v. Farrow, 199 U. S. 581, 587, 26 Sup. Ct. 150, 50 L. Ed. 317; 24 A. & E. Enc. of Law, 645, and cases.

That is the only error assigned, and to that extent I think the judgment should be modified.