VERLINDEN, WEICKHARDT, DORNOFF ORGAN COMPANY, Appellant, vs. McDONALD, Respondent.

*December 4, 1934—January 8, 1935.*

*Joseph Lieberman* of Milwaukee, for the appellant.

For the respondent there was a brief by *Thompsons, Gruenewald & Frye* of Oshkosh, and oral argument by *Arthur H. Gruenewald.*

FAIRCHILD, J.   In the trial of the case in the lower court, a great deal of testimony was taken relative to the dealings between the appellant and respondent previous to entering into the contract of October 28, 1932.   In their special verdict the jury found that the organ installed by the appellant in respondent's funeral home prior to that contract did not satisfy the respondent as to volume.   That finding and the evidence in support of it are not strictly essential to a determination of this case, their only value being to show the attitude and conduct of the parties in their previous dealings.

The respondent had become the owner of an organ which was used in connection with funeral services conducted in his establishment.   He desired to have the organ put in condition to enable it to produce greater volume.   The organ had been purchased from appellant, and respondent appealed to it for advice and help in accomplishing the result he desired. From the evidence accepted by the jury as true, it appears that respondent reposed confidence and belief in appellant's special ability in matters relating to the construction and installation of organs, and that he intrusted the matter to it. An agent of appellant knew that the difficulty which respondent was experiencing was due to insufficient shutter

opening. This agent testified that in his opinion the organ had about forty-five per centum efficiency under the original conditions; that prior to the sale and installation of the units, to recover the price for which this action was brought, the agent had called to the attention of the appellant the necessity of increasing the shutter opening. The same witness testified that in the negotiations between the appellant and respondent with reference to securing increased volume, nothing was said to respondent about increasing the shutter opening, but at that time it was suggested by appellant that the respondent purchase two additional units to increase the volume. The evidence also disclosed that on the day appellant started to install the two units, respondent discovered for the first time that a change was to be made in the shutter opening. The volume of the organ was increased after the shutter opening was enlarged without the use of the added units. The finding of the jury that the representation that the installation of the two units, the French horn and vox celeste, would remedy the defect in the organ and greatly increase the volume therefrom, was false, is sustained by testimony to the effect that the two additional units added nothing to the volume. Respondent refused to accept the two units when their installation was completed. After trial of the organ he notified the appellant that the units did not fulfil the representations made; that they contributed nothing toward increasing the volume of the organ; and that he would not accept them. He instructed the appellant to remove them.

The appellant contends that the conduct of respondent amounted to an acceptance of the French horn and vox celeste, and that if there was an attempted rescission, it has failed because of respondent's acts. The jury has settled the question of fact in this case as to who the defrauded party is. The evidence which must be looked to, to show the reasonableness of the decision of respondent not to accept the installed units, quite abundantly supports the inference that

the respondent was induced to make an unnecessary purchase; that within a reasonable time after the installation of the units he discovered that they did not perform the service it was represented they would perform; and that because of discoveries made by him at the time of installation, he refused to accept the same and gave due and sufficient notice of his dissatisfaction. At no time did he accept them and at all times the appellant was advised of his purpose to reject them. Nowhere is there evidence of use by respondent of the units which was inconsistent with his determination to rescind the contract. Considering the nature of the articles and the general situation of the parties, including the failure of the appellant to remove the units, and the fact that the respondent had made no use of them either to his advantage or to the injury of the appellant, there is no ground for holding that there has been an assertion of ownership by the respondent, or an interference by him with his direction to appellant to remove the units. *Fox v. Boldt,* 172 Wis. 333, 178 N. W. 467, 179 N. W. 1; *Bell v. Anderson,* 74 Wis. 638, 43 N. W. 666.

The time within which the defrauded buyer may rescind must necessarily vary with the circumstances of the case. But where the seller in such an instance is advised from the very outset of the buyer's determination not to accept unless a demonstration shows the worth of the material, and when the seller takes part in the demonstration as he did in this case, the length of time required for this test alone cannot be determinative of the right to rescind. The immediate consideration is whether the period elapsing, when not agreed to, has been long enough to result in prejudice to the seller. The relation of the parties, the course of their dealing, and the imposition upon respondent of articles he did not need and would not have permitted to be delivered but for the deception practiced upon him by appellant, gave respondent the right to refuse to accept the goods. Sec. 121.15 (1),

Stats. They were of such a nature that the delivery and their installation by the seller was upon the buyer's premises. The goods were, by the fraud of the appellant, thrust upon the respondent. Doubtless a buyer in such a position must take reasonable care of the goods, but nothing more than that can be demanded of him. "Accordingly he is under no obligation to return the goods to the seller, and after notice that the goods have not been and will not be accepted, the seller must assume the burden of removing them." 2 Williston, Sales (2d ed.), p. 1295, § 497; sec. 121.50, Stats.; *Exhaust Ventilator Co. v. Chicago, M. & St. P. R. Co.* 66 Wis. 218, 28 N. W. 343. We are of the opinion that the findings of the jury are sustained by the evidence and that the order directing judgment thereon was correct.

*By the Court.*—Judgment affirmed.