THE MONUMENTAL BUILDING ASSOCIATION, NO. 2, OF BALTIMORE CITY, vs. PETER HERMAN, MAGDALENA HERMAN, and others.

## Contract of Infants avoided.

Two mortgages were executed by infants and adults. On their failure to pay the mortgage debt, a decree for the sale of the mortgaged premises was obtained, a sale was made thereunder, and the usual order of ratification *nisi* passed. The infant mortgagors excepted to the final ratification of the sale on the ground of their infancy when they signed the deeds. There was no evidence that the infants received any part of the money loaned, or that they were capable of perpetrating a gross fraud ; and it was uncertain whether or not the mortgages were for their benefit. The exceptions were held good, and the sale was set aside.

APPEAL from the Circuit Court of Baltimore City.

In June and October, 1868, John, Elizabeth, Peter, and Magdalena Herman, brothers and sisters, executed two mortgages to the appellant. On the 16th of February, 1869, a petition was filed by the appellant, under the provisions of Article 4, section 782, &c., of the Code of Public Local Laws, for the sale of the mortgaged premises, and on the following day a decree was obtained. The property was sold and reported by the trustee, and the usual order of ratification *nisi* passed. On the 6th of April following, the appellees Peter and Magdalena excepted to the final ratification of the sale, on the ground that they were infants when they signed the deeds. On the 30th of November, 1869, the Circuit Court passed an order setting aside the sale. From this order the complainant appealed.

The cause was argued before BARTOL, C. J., STEWART, MAULSBY, MILLER and ALVEY, J.

*W. H. S. Burgwyn* and *Wm. Shepard Bryan*, for the appellant.

An infant's deed is not void, but voidable after he arrives at age. He cannot avoid it during infancy. *Stafford vs. Roof,*

9 *Cowen,* 626; *Bool vs. Mix,* 17 *Wendell,* 119; *Zouch vs. Parsons,* 3 *Burrows,* 1802.

The appellees having—not only by the suppression of the truth, but by false representations as to their being of lawful age—induced the appellant to deal with them as persons capable of making a binding contract, are estopped in Equity from setting up their infancy as a defence against their liability on their contracts; for in Equity, infancy gives no privilege to cheat men. *Becket vs. Cordley,* 1 *Brown C. C.,* 314; *Story's Equity Juris., (Redfield,)* secs. 385 and 385, *a.,* 64, *e.;* 2 *Sugden on Vendors,* (428, *m. p.,*) sec. 30; *Nelson vs. Stocker,* 5 *Jurist. N. S.,* 262; *Alexander vs. Walter,* 8 *Gill,* 297; *McClellan vs. Kennedy,* 8 *Md.,* 230; *Smith's Principles of Equity,* 165 and 166; *Earl of Buckinghamshire vs. Drury,* 2 *Eden,* 72; *Hall vs. Timmons,* 2 *Richardson's Eq. R., (S. C.,)* 120; *Cory vs. Gertcken,* 2 *Madd.,* 40–50; *Hillyer vs. Bennett,* 3 *Edw. Ch.,* 222; *Smith vs. Evans,* 5 *Humphreys,* 70.

The appellees, before they can come into a Court of Equity asking the relief prayed for, must return or offer to return to the appellant, the money loaned them on the security which they now attempt to destroy; for it is a maxim of Equity "that he who comes into Equity must do equity." *Watts vs. Cresswell,* 9 *Vin. Ab.,* 415; *Clere vs. Earl of Bedford,* 13 *Vin. Ab.,* 536; *Savage vs. Foster,* 9 *Modern R.,* 38; 2 *Eq. Cas. Ab.,* 489; *Sugden on Ven.,* 175, 611, (13 *Ed.*); *Nelson vs. Stocker,* 5 *Jurist. N. S.,* 262; *Badger vs. Phinney,* 15 *Mass.,* 363.

*Thomas A. Hopkins,* for the appellees.

The sale was properly rejected, because the exceptants were infants under the age of twenty-one years at the time they executed the mortgages, and so continued up to the time of the sale of the mortgaged property. There can be, therefore, no question as to whether the mortgages were void or voidable only. But conceding they were only voidable, the infants had not attained their majority, and could not, therefore, exercise their election, either to affirm or avoid. Neither can the

mortgages be enforced against them until they shall have attained the legal capacity to contract.

That the exceptants made false representations as regards their true age is denied, but admitting they did misrepresent upon this subject, still they are not estopped from setting up the defence of infancy. *Fridge vs. State, use of Kirk,* 3 *G. & J.,* 103; *Macpherson on Infants,* 482; *Johnson vs. Pic.,* 1 *Kel.,* 905; 2 *Kent Com.,* 240; *Tucker vs. Moreland,* 10 *Peters,* 59, 75; 1 *American Leading Cases,* 107, 108, 109, 110; 15 *Massachusetts,* 220; 1 *Pickering,* 202; 4 *Vermont,* 149, 152, 153; *Zouch vs. Parsons,* 3 *Burrows,* 1802.

The *only* contract binding on an infant is the implied contract for necessaries. 1 *American Leading Cases,* 104.

STEWART, J., delivered the opinion of the Court.

This was a proceeding below, to foreclose two mortgages under the provisions of the Code of Public Local Laws, Art. 4, secs. 782, &c., applicable to the city of Baltimore, exclusively.

An *ex parte* decree had been passed, a sale of the property ordered, and a report of sale thereunder made by the trustee.

Objections were filed against the ratification of the sale by two of the mortgagors, alleging that they were infants, under the age of twenty-one years, when they executed the mortgages. The mortgagee denied the fact of infancy, and insisted upon the insufficiency of the objections. The infancy of the objecting mortgagors was proved, and from the testimony as to the circumstances connected with the execution of the mortgages by them, it appears they were called upon to sign the same, and upon being interrogated as to their age, stated they were of age, but the evidence upon this subject is very meagre, and the infants seemed to have been passive in the transaction; and there is no evidence that any money was paid over to them. Under the provisions of our Statutory law, persons under the age of twenty-one years, are made competent to perform various binding acts, and there

certainly is no distinct proof of fraudulent representation established.

The Court below, by its order, sustained the objections, and refused to ratify the sale, and the appeal is taken from that order.

It has been urged here, for the mortgagee, that there was error in this order. 1st. Because, notwithstanding the infancy of the parties, they cannot avoid their deed during their infancy. 2d. That not only their suppression of the truth, but false representation that they were of age, shows such fraudulent conduct, as to estop them, in equity, from the benefit of their plea—infancy giving no privilege to cheat and defraud other parties. 3d. That before they can ask to be relieved from their contract, they must return the money loaned them, upon the well known principle, that whoever comes into Equity must be prepared to do equity.

By the common law, persons, under the age of twenty-one years, are not bound by their contracts, except for necessaries, nor can they do any act, to the injury of their property, which they may not avoid, when arrived at full age. Their responsibility for crime or fraudulent dealing, depends more on their discretion and power to discriminate right from wrong, what is just or otherwise, than on their age. Infants have this indulgence from their supposed want of judgment in their transactions with others, and the law takes this care of them to prevent them from being imposed upon, or overreached by persons of more years and experience.

They are allowed to contract for their benefit with power in most cases, to recede from their contract when it may prove prejudicial to them, but in their contract for necessaries, such as board, apparel, medical aid, teaching and instruction, and other necessaries, they are absolutely bound, and may be sued and charged in execution; but it must appear that the things were absolutely necessary, and suitable to their circumstances, and whoever trusts them does so at his peril, or as it is said, deals with them at arms length.

Their power, thus to contract for necessaries, is for their benefit, because the procurement of these things is essential to their existence, and if they were not permitted so to bind themselves they might suffer.

If the infant has been supplied by his parents, guardian or friends, there can be no legitimate demand, on this account even, because there is no occasion for their being furnished by others.

Some of their other contracts are absolutely void, such as those where there is no apparent benefit to the infant, but others are merely voidable, and the law allows them when they come of age and are capable of considering over again, what they have done, either to ratify or to avoid the contract.

Whenever the act done, may be for the benefit of the infant, it is only voidable—if it were absolutely void, the adult party contracting with him, would be equally discharged.

If the infant bargain and sell his lands, by deed, he may avoid it at any time, but his purchase is only voidable, and vests the freehold in him, until he disagree thereto, because a contract is presumed and may be for his benefit, and because the freehold cannot be in the grantor, contrary to his own act, nor can it be in abeyance.

They may be sued in Equity and their defence committed to a special guardian; and actions may be prosecuted in their behalf, by a next friend, because if the infant were not allowed to defend his possession, he might be deprived of all he had during his minority; and so of injuries done by an infant, as in the contract for necessaries, he may be sued before his arrival at age, because otherwise, a license would be given to them to commit injuries.

Where the Court can see that the contract is to the infant's prejudice, it is void; but where for his benefit, or uncertain in its nature, it is valid or voidable only at the election of the infant when of age.

It is uncertain whether the mortgages in this instance are beneficial to the infants or not, and they have the right to

affirm or to avoid them when of age, and before that period, to intervene and prevent a ratification of the sale of the property under this *ex parte* proceeding, which might have the effect to prejudice their interests. But it has also been urged, that the infants were guilty of fraud, and are, therefore, precluded from the benefit of their infancy. Whilst infants are protected against contracts, other than for necessaries, it is undoubtedly true that they are liable for *torts* and injuries, infancy being a shield and not a sword, it does not afford a shelter for fraudulent acts. If the infant disaffirm an executed contract, and the specific consideration can be restored, in whole or in part, the infant is treated as a trustee of the other party, and must give it up; but where the articles received by him are consumed or the money spent, the party advancing them is without remedy.

In actions *ex debito* arising from wrongs, as trespass, or assault, or constructive *torts*, or frauds, infants are liable; but the fraudulent act, to chagre them, must be wholly *tortious*, for if *ex contractu*, though fraudulent, it cannot be changed into a *tort* to make them answer in *trover* or case. If the infant, without any contract, wilfully takes away the goods of another, *trover* lies, because it is a fraudulent trespass.

Where he affirms himself to be of age, and borrows money, and gives his obligation for it, and avoids it by reason of his non-age, no action lies against him for the deceit, because, though liable for actual *torts* or trespass, &c., which are *vi et armis*, yet he is not bound for the action sounding in deceit; but in the case where he pretends to be of age, and thus defrauds persons by buying goods, and then pleads his infancy, though the person injured cannot recover the value of the goods, he may indict and punish the infant as a common cheat, if arrived at a sufficient age of discretion; or if he judicially perjure himself in regard to his age or otherwise, he may be punished for the perjury.

Where he has advanced money upon an executory contract on the part of the adult, he cannot disaffirm it and sue for

the advance, if made on a valuable consideration, partially enjoyed, when he has had the benefit of the contract.

Whilst there is good reason, where a person of sufficient discretion and capacity to perpetrate a fraud, takes upon himself to trade and act as of age, and is guilty of inexcusable fraud, to presume him to be of age, and to allow no evidence to be admitted to the contrary—and there may be cases of gross conduct and high-handed fraud and depravity in representing himself to be of full age, and making a contract, with deliberate intent, afterwards, to evade it by reason of his privilege of infancy as would justify a Court of Equity in withholding its protection even where he had parted with his lands—yet he is not, in all cases, liable under his fraudulent contract, because the law, in protecting him against artifice and superior age, makes due allowance for the indiscretion and weakness of youth, before it has acquired adequate appreciation of the value of character and the force and effect of moral obligation.

There is no evidence in this case that the infants received the money loaned, nor is there any proof as to their capacity and ability to perpetrate a gross fraud, or of such artful contrivances, deceitful representations, or fraudulent practices as would sanction the equitable interference of the Court in holding them estopped from pleading their infancy.

But it is also insisted, that upon the principle that he who seeks equity should do equity, these minors ought to restore the money. These minors are respondents, defending their possession, and seeking no other equity in this proceeding.

The Court below would not have been authorized to decree a sale of the property embraced in these mortgages when advised of the facts, subject to the ratification of the infants, upon a day allowed them to shew cause against it, upon their reaching full age; and the same reasons govern when objections are made to the ratification of the sale founded upon similar grounds. See *Fridge vs. State*, 3 *G. & J.*, 103; *Braw-*

*ner and Wife vs. Franklin,* 4 *Gill,* 463 ; 2 *Kent Com., Lecture*
31, *of Infants ; Bacon's Abridgment, title Infancy.*

We find no error in the order of the Court below, setting
aside the sale made by the trustee.

*Order affirmed.*

