BURT WELCH, AN INFANT, BY HIS NEXT FRIEND,
CHARLES BURHANS, v. MELVIN OLMSTEAD.

*Infancy—Sale to minor—Necessaries—Fraud—Rescission—Contract
—Pleading.*

1. Where, in a suit to recover for labor for which the plaintiff
claimed he was to receive $12 per month, the defendant in
his plea sets out the contract as a positive one to pay that
price, and subsequently tenders plaintiff payment at that rate,
the jury are properly instructed that that was the rate agreed
upon.

2. While, ordinarily, representations as to value are not evidence
of fraud, yet in a case where an adult is dealing with an
infant, who is presumed by law to be unfamiliar with the
value of a watch which he is solicited to purchase, it is proper
to submit to the jury the question whether good faith was
observed towards him.

3. Whether a watch and chain is a necessity to an infant of the
age of 18 years, so as to bind him by an executed contract
for their purchase at the price of $20, was submitted to the
jury in this case, who found in the negative.

Error to Ionia. (Smith, J.) Argued February 17,
1892. Decided March 4, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The
facts are stated in the opinion.

*A. A. Ellis* and *F. C. Miller,* for appellant, contended:

1. The court should have charged the jury that the watch and
chain was a necessary article; citing 1 Pars. Cont. 297; and at
least this question should have been left to the jury under
proper instructions; citing *Bent v. Manning,* 10 Vt. 225; *Davis
v. Caldwell,* 12 Cush. 512.

2. The title passed to the plaintiff when he accepted the watch
and chain, and, as the defendant charged them to him on his
books as so much paid, the plaintiff could not disaffirm the
contract until he had arrived at full age; citing *Dunton v.*

*Brown*, 31 Mich. 181; *Armitage v. Widoe*, 36 Id. 124; *Osburn v. Farr*, 42 Id. 134; *Kendall v. Lawrence*, 22 Pick. 543; *Worcester v. Eaton*, 13 Mass. 374; and an infant is as much bound by an executed contract as an adult; citing *Squier v. Hydliff*, 9 Mich. 274; *Spicer v. Earl*, 41 Id. 191.

*Davis & Nichols*, for plaintiff.

MONTGOMERY, J.   The plaintiff recovered below for work and labor performed for the defendant as a farm hand at the rate of $12 per month.

While it is suggested here that the court erred in instructing the jury that the rate was fixed at $12 per month, and it is claimed that the bargain was conditional on the plaintiff's being able to earn that amount, yet, as the defendant in his plea set out the contract as a positive one to pay $12 per month, and as he subsequently tendered the plaintiff payment at that rate, we think the instruction was correct.

The real question involved is whether the defendant was entitled to set off against the claim of the infant plaintiff[1] the purchase price of a watch and chain sold him while he was in his employ.   The price of the watch and chain agreed on was $20.   There was evidence tending to show that it was not worth more than $10 to $12, while the testimony offered on behalf of the defendant showed that when new the watch would be worth $14 to $15, and the chain about $4.   There was also evidence that the defendant and his brother were constantly praising the watch to the plaintiff, and that it was as a result of this persuasion that he made the purchase.   The plaintiff, after keeping the watch for some time, tendered it back to the defendant, and when he quit the defendant's service left the watch with him.

The circuit judge also charged the jury as follows:

"It has, we believe, always been held that the minor

[1] Plaintiff was about 18 years of age.

might bind himself by contract for necessaries, and that such contract, when executed, when completed, if reasonable under the circumstances, or not so unreasonable as to be evidence of fraud or undue advantage, cannot be repudiated by him. Now, there is no presumption that any one acts fraudulently towards a minor. It cannot be said that Olmstead committed a fraud in selling a watch, without evidence; and whether everything was fair, or whether he committed any fraud or deception, is for the jury to say; it cannot be presumed without evidence. The party that comes into a case, and says that a fraud has been perpetrated, or undue advantage taken, or deception practiced, must produce evidence to sustain that point. There is no presumption of fraud; so that, gentlemen, if this watch was not a necessity, or clearly to the boy's prejudice, and not for his benefit, then he could avoid it, and he should not be charged with the watch; and the defendant should deal in good faith with the infant if it was not a necessity; and, if any unfair advantage was taken of the boy, and fraud perpetrated on the boy, then he might avoid the contract, —then this contract as to this watch, under the circumstances of this case, might be avoided and repudiated by the boy."

We think this instruction sufficiently favorable to the defendant. There was evidence which, in view of the boy's age, tended to show that an unfair advantage was taken of him by the defendant. While, ordinarily, representations as to value are not evidence of fraud, yet in a case like this, where one is dealing with an infant, who is presumed by law to be unfamiliar with values of property of this character, we think it is proper to submit to the jury the question of whether good faith was observed. If the jury found, under the instructions, that the watch was not a necessity, the defendant was clearly not entitled to offset the claim for the watch against the demand of the plaintiff.

The question of whether, if the consideration had been paid by the plaintiff, he could, before reaching his majority, repudiate the contract, is not involved. It is

the defendant who here invokes the aid of the court to enforce the contract, and the case comes within *Wood v. Losey*, 50 Mich. 475.

Judgment will be affirmed, with costs.

The other Justices concurred.