W. R. STAR, APPELLEE, v. R. A. WATKINS, APPELLANT.

FILED MARCH 21, 1907. No. 14,718.

Infants: CONTRACTS: DISAFFIRMANCE. An infant who seeks to disaffirm a contract must return so much of the consideration received by him as remains in his possession at the time of such election. However, a formal and actual tender of the property by the infant is not required as a condition precedent when it is known in advance that such tender will be refused,' but restoration should be made on the trial as a condition of the judgment.

APPEAL from the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Reversed.*

*W. S. Morlan,* for appellant.

*Starr & Reeder, contra.*

EPPERSON, C.

Watkins, a minor, purchased a mare and gave his note therefor. Afterwards the note was sold to plaintiff, who instituted this suit and recovered judgment for $80. Watkins appeals.

The principal defense to the note is infancy. It appears that, on different occasions before appellant became of age, he refused to pay the note, and made known to his vendor his willingness to return the mare before the paper was transferred to plaintiff. It is undisputed that at such times appellant was informed by his vendor that the mare would not be received.

It has been held that an infant may avoid his personal contracts during his minority. 22 Cyc. 611-613; *Hoyt v. Wilkinson,* 57 Vt. 404. And it is equally well settled that an infant who seeks to disaffirm a contract must return so much of the consideration received by him as remains in his possession at the time of such election. *Bloomer v. Nolan,* 36 Neb. 51; 22 Cyc. 614. But is the minor required to make an actual tender of the property when it is known in advance that such tender will be refused? We think not. "A formal tender of money is never required where it is disclosed, if it had been made, it would have been fruitless." *Graham v. Frazier,* 49 Neb. 90; *Guthman v. Kearn,* 8 Neb. 502. The supreme court of Wisconsin in *Jones v. Valentines' School of Telegraphy,* 99 N. W. 1043 (122 Wis. 318), held: "Where an infant paid defendant a sum of money as compensation for the privilege of taking a course of study in defendant's school, and he was given a receipt, called a 'scholarship,' and thereafter he demanded a return of his money, making known his willingness to return the scholarship, but the attitude of defendant indicated that he intended to retain the money, it was not necessary for the infant to make any formal tender of the paper, as a condition precedent to a suit by him to recover the money, but restoration should be made on the trial as a condition of the judgment." See also *Potter v. Taggart,* 54 Wis. 395, 11 N. W. 678. We are therefore of opinion that a formal and actual tender of the property by the infant, when it is known in advance that such tender will be refused, is not required as a condition precedent to take advantage of the plea of infancy, especially when restoration may be made on the

trial as a condition of the judgment. It seems clear to us that the minor in this case rescinded his contract before he became of age, and before the note was transferred to the plaintiff, and, hence, the judgment is contrary to law and should be reversed.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for a new trial.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.