THE INTERNATIONAL TEXT BOOK COMPANY *vs.* JAMES W. DORAN.

Third Judicial District, Bridgeport, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Education furnished to an infant may be necessary to him, but only when it is suitable to his wants and conditions; and that question is one of fact for the determination of the trial court.

Upon repudiating a contract, it is sufficient if the infant restores all that he has received under it that is capable of restoration.

A return of the consideration, after the repudiation of a contract by a minor, is an affirmation of that act; while delay in making the

return until after reaching majority is of no significance except as bearing on a claim of ratification.

Previous to filling out and signing a blank contract for a course of instruction by correspondence, the defendant said to the plaintiff's local agent that he was not yet twenty-one, but the agent, without the plaintiff's knowledge or authority, directed him to write in his age as twenty-one, and the defendant did so. *Held* that in the absence of any charge of fraud, the defendant was not thereby estopped from pleading infancy, when sued upon the contract.

Argued October 24th—decided December 17th, 1907.

ACTION on contract, brought before a justice of the peace, who gave judgment for the plaintiff. On appeal to the Court of Common Pleas for Fairfield County, a counterclaim was filed, and a demurrer to it overruled (*Curtis, J.*). Final judgment was afterward rendered (*Scott, J.*) for the defendant, but on the counterclaim for the plaintiff. *No error.*

*John C. Chamberlain* and *Carlos H. Storrs*, for the appellant (plaintiff).

*John J. Phelan*, for the appellee (defendant).

BALDWIN, C. J. The defendant, at the age of twenty, signed a lengthy contract with the plaintiff, which conducts a correspondence school, to take a course of instruction in electricity, and pay $77 for it, in monthly instalments of $5 each. As part of the course he was to receive a loan of certain books of instruction. Before signing the contract he informed the local agent of the plaintiff, through whom the negotiations had been conducted, that he was not yet twenty-one, but the agent directed him to fill a blank left in the printed form of contract for the statement of the scholar's age by writing in " 21," and he did so. The contract provided that a student not of age enrolling on the instalment plan must furnish a written guaranty for the payment of the instalments, signed by a parent, guardian or other responsible party, " otherwise

any bound volumes or outfit agreed to be furnished with the course will not be delivered until the scholarship is paid in full." The agent had no authority to direct the defendant to state his age incorrectly, and the plaintiff in subsequently accepting the contract supposed that it was correctly stated. The defendant soon afterward received a loan of books, and written instruction was furnished him from time to time, of a preliminary and suitable nature, in arithmetic, algebra, geometry and mechanical drawing. A month before he came of age he informed the local agent that he should not go on with the course, and would make no further payments. Up to that time the instalments called for under the contract had been paid for him by his mother. He received no further instruction papers, and made no further use of the books lent him, but kept them till the following year. He had previously spent two years in a high school.

His answer to the complaint set up infancy, and with it he filed a counterclaim, stating that he had paid $40 under the contract, and claiming judgment for that sum. In subsequent pleadings issues were joined as to whether the contract was for necessaries; whether he had enjoyed its benefits and they were incapable of being restored to the plaintiff; and whether he had not ratified the contract after reaching full age.

The Court of Common Pleas found these issues in his favor, and also that the sums paid to the plaintiff exceeded the value of any education furnished by it to the defendant.

These conclusions of fact justified the conclusions of law embodied in the judgment.

It is contended that no issue was raised by the pleadings as to whether the sums paid exceeded the value of the education received. By the counterclaim repayment of these sums was demanded, because they were paid by him on the contract in suit when a minor. In determining whether there was any equitable foundation for the demand, it was proper to compare what he had lost with what

he had got. By his counterclaim he put himself in the position of a plaintiff, and was bound to satisfy the court that the Text Book Company had received his money under such circumstances as to make it inequitable to retain it. The finding to which exception is thus taken, however, can have been of no harm to the appellant, since the counterclaim was dismissed, and the judgment against it on the main case was warranted by the finding that what it supplied under the contract was not, under the circumstances, of the class of necessaries.

Education furnished to an infant may be necessary to him, but only when it is suitable to his wants and condition.. Whether education of a merely preliminary character, such as was furnished in the present case, was a necessary to one who had spent two years at a high school, was a question of fact, and properly disposed of, as such.

The plaintiff contends that the repudiation of the contract by the defendant shortly before he became of age was ineffectual, because he did not restore the consideration received. So far as the education received is concerned, it was something that could not be restored. The books lent could be, and were, before this suit was instituted. Their return, though deferred more than eight months after the original act of repudiation, was an affirmation of that act. The only legal significance of the delay lay in its bearing on the claim of ratification. It was a circumstance to be considered in disposing of that point, and there is nothing in the record to indicate that due consideration was not accorded to it. Had there been no avoidance during infancy, as a consequence of which the books were sent back after full age was reached, a different question would be presented.

The plaintiff claimed that the defendant was estopped from relying on his infancy, because of his stating his age in the contract as twenty-one, and its accepting the contract on the supposition, thus induced, that he was of full age. No fraud is charged against him in the pleadings, and what he did was done by the direction of one acting

for the plaintiff in the negotiation. Under these circumstances, there is no sufficient foundation for an estoppel. *Conroe* v. *Birdsall*, 1 John. Cases (N. Y.) 127.

Certain other claims which were made in argument before us are not considered, because not to be found in the reasons of appeal.

There is no error.

In this opinion the other judges concurred.