CHARLES B. SHUTTER *vs.* CHESTER FUDGE.

Third Judicial District, Bridgeport, October Term, 1928.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 26th—decided December 18th, 1928.

*Herman Levine,* with whom, on the brief, was *Benjamin D. Levine,* for the appellant (defendant).

*William L. Larash,* with whom was *Leon M. Gabriel,* for the appellee (plaintiff).

HINMAN, J. This action was brought to recover a balance unpaid on the price of merchandise purchased by the defendant from the plaintiff. The defendant plead infancy, in that at the time of the purchase he was seventeen years of age. The agreed facts, upon which the case was submitted, were that the defendant purchased the merchandise; that the reasonable market value was, as stated in the bill of particulars, $415.87, and the unpaid balance was $213; that the defendant purchased the merchandise for the purpose of assembling radio sets and did so assemble the same, sold the sets and received the benefit of the sales; that the defendant has not returned to the plaintiff any part of the merchandise and it is not available for such return; and that the defendant was, at the time of purchase, and still is a minor.

The trial court held that since the defendant by disposing of the merchandise had rendered himself unable to place the plaintiff in *statu quo* the defense of infancy was not available to him, and, consequently, rendered judgment for the plaintiff. This ruling is the only ground of appeal.

The question whether an infant is bound to return

the consideration which he received or restore the adverse party to the *status quo,* as a condition of avoiding his contract, is one which has been considered in many cases in other States, and it has been found extremely difficult to evolve a general rule which will operate fairly between the infant who disaffirms a contract and the other party to the transaction. It is evident that if the infant is, in every case, bound to return the consideration which he received, or its equivalent, in order to avoid or rescind his contract, the protection accorded to him, as such infant, is seriously impaired and may often be destroyed, for it is precisely because he is supposed to be improvident and likely to misuse and squander what he receives, that his contracts are made voidable; it will amount to little except in executory contracts and in cases where the infant is so prudent and careful in his management of the property which he receives under the contract that he really does not need the protection of the law. On the other hand, if the question be answered unqualifiedly in the negative, the infant may make the law the means of inflicting injustice or even fraud on one who has trusted him. 3 Page on Contracts, §1617; 14 R.C.L. p. 238; 1 Elliott on Contracts, §346.

Some early cases tended toward requiring an infant to return the consideration received by him or its equivalent if he had lost or squandered it. 3 Page on Contracts, p. 2787; 1 Elliott on Contracts, p. 564. In *Riley* v. *Mallory* (1866) 33 Conn. 201, 206, the court, citing Judge Reeve's lectures on Domestic Relations, states a general proposition that the law does not forbid an infant to contract, "but gives him for his protection the privilege of avoiding contracts which are injurious to him and rescinding all others, whether fair or not, whether executed or executory, . . . excepting from the operation of the privilege only contracts for

necessaries, contracts which he may be compelled in equity to execute, and executed contracts where he has enjoyed the benefit of them and cannot restore the other party to his original position." In that case the infant was the plaintiff seeking to recover the purchase price paid for a gun which he had offered to return. Neither then nor since has occasion arisen for a determination by this court as to whether restoration of the adverse party to his original position is necessary in order to make effectual a disaffirmance by an infant. *Catlin* v. *Haddox,* 49 Conn. 492; *Gregory* v. *Lee,* 64 Conn. 407, 30 Atl. 53; *International Text Book Co.* v. *Doran,* 80 Conn. 307, 68 Atl. 255; *Creer* v. *Active Auto Exchange, Inc.,* 99 Conn. 266, 121 Atl. 888. We do not think that the general expression, above quoted, is to be regarded as committing the court to the extent of ruling that property which has been lost, wasted or otherwise improvidently disposed of during minority must be restored or its value accounted for in order to enable an infant to obtain relief from liability under the contract through which it was received. See note to *Englebert* v. *Pritchett,* 26 L.R.A. 177, 181, 182 (40 Neb. 195, 58 N.W. 852). To hold that an infant may not disaffirm his contract "because, by his indiscretion he has spent, consumed or injured that which he received, would be making his want of discretion the means of binding him to all of his improvident contracts." *Price* v. *Furman,* 27 Vt. 268, 271.

Those cases which inclined to require return of the consideration, in order to avoid a contract because of infancy, have, for the most part, been overruled or limited by later cases. The rule now adopted by an overwhelming preponderance of authority is that "if the infant, when he seeks to avoid, has in his possession the specific consideration which came to him under the contract, or any part of it, he must return it as a

prerequisite to avoiding the contract, but if he has squandered or lost the property which came to him, he can avoid his obligation under the contract without putting the other party in *statu quo.* The language of the authorities is that he must return or restore whatever of the consideration he then has; not that he is to pay to the party with whom he made the contract an equivalent for that which he received." 14 R.C.L., Infants, §20, p. 238. "Where he has exercised his right to repudiate the contract, the infant may be required to return the consideration or such part thereof received by him as still remains in his hands and under his control." 31 Corpus Juris, p. 1069. But if, during his minority, the infant has lost, wasted, or otherwise disposed of the property or other consideration received under the contract, he may, nevertheless, repudiate it without making restitution in order to give effect to his disaffirmance. *MacGreal* v. *Taylor,* 167 U. S. 688, 698, 17 Sup. Ct. 961; *Green* v. *Green,* 69 N. Y. 553; *Monumental Bldg. Asso.* v. *Herman,* 33 Md. 128; *Chandler* v. *Simmons,* 97 Mass. 508, 514; *White* v. *New Bedford Cotton Waste Corp.,* 178 Mass. 20, 24, 59 N.E. 642; *Boody* v. *McKenney,* 23 Me. 517; *White* v. *Sikes,* 129 Ga. 508, 59 S.E. 228, 121 Amer. St. R. 228; *Reynolds* v. *McCurry,* 100 Ill. 356; *First National Bank* v. *Casey,* 158 Iowa, 349, 138 N.W. 897; *Price* v. *Furman,* 27 Vt. 268; 1 Elliott on Contracts, §§346, 347; 1 Williston on Contracts, p. 459; 3 Page on Contracts, p. 2788.

Decisions which have not been overruled by later cases in the same State, in which the infant has been required to return what he received or to account for its value in order to rescind his contract, are few in number and, for the most part, are actions brought by the infant to recover money or property parted with by him under a contract which he seeks to rescind and

so involving the maxim that the infant is permitted to use his privilege as a shield but not as a sword, and other equitable considerations which are not equally applicable where infancy is interposed as a defense to an action by the adverse party, based upon a contract made by the infant. 14 R.C.L., pp. 238, 239. The operation of this doctrine, if applied to such a case as the present one, would be to place the defendant's contract upon practically the same footing as one for necessaries (General Statutes, §4669), nullify the recognized right to disaffirm purchases, however improvident and unnecessary, and permit a recovery as fully as if no protection, through right of avoidance, existed.

Some distinctions have been suggested between executory and executed contracts, but it appears to be now generally accepted that the same rule applies to both of these classes. "If an infant makes a contract, either executory or executed, and receives the consideration . . . and disposes of the same before his majority, either by losing, expending, or squandering it, this is nothing more than the law anticipated of him, and he will not be required to make any tender of the amount so disposed of before repudiating the contract." *White* v. *Sikes, supra,* 510; 31 Corpus Juris, 1071.

It is conceded that the merchandise which was the consideration passing from the plaintiff to the defendant has been converted into completed radio sets and sold by the defendant, so that it could not now be returned; the only restoration which could be made would be by accounting for its value. This is not required in order to render infancy available to the defendant as a shield against liability under the contract of purchase.

There is error, and the cause is remanded with directions to enter judgment for the defendant.

In this opinion the other judges concurred.