## SISSON v. SCHULTZ.

1. PARENT AND CHILD—EDUCATION IS "NECESSARY."
    Proper education of child is "necessary," for which parent is liable.

2. SAME.
    What is proper education of child as "necessary" for which parent is liable depends on circumstances of particular case.

3. SAME—MUSICAL EDUCATION—WHETHER TUNING PIANO "NECESSARY" QUESTION FOR JURY.
    Where father, who was in comfortable financial condition, recognized that musical education for 12-year old daughter was befitting and advisable for her, by providing her with piano lessons, his liability for expense of tuning piano as "necessary" was properly submitted to jury.

Case-made from Lapeer; Smith (Henry H.), J. Submitted June 6, 1930. (Docket No. 54, Calendar No. 34,973.) Decided October 3, 1930.

Test as to what education or instruction for infant may be considered a necessary, see annotation in 42 L. R. A. (N. S.) 1115.

Assumpsit by Burt Sisson against Herman Schultz for tuning a piano. Defendant reviews judgment for plaintiff, by case-made. Affirmed.

*Lindley & Brown,* for plaintiff.

*Herbert W. Smith,* for defendant.

CLARK, J. Plaintiff, a piano tuner, recovered judgment upon verdict of a jury against defendant for five dollars for tuning a piano. Defendant reviews on case-made.

No agreement to pay is claimed against defendant. The piano was tuned while he was away from home. Plaintiff contends he did the work at defendant's home at the instance and request of defendant's wife and daughter. This was disputed question of fact left to the jury. Recovery was on the theory that tuning the piano was a necessary for which defendant is liable, and this is the sole meritorious question in the case.

Defendant owned a farm in Lapeer county where he and his family resided. He owned an automobile, paid his bills, and lived as comfortably as the ordinary farmer. The daughter was 12 years old, showed aptitude for music, and was the pianist of the neighborhood. The father had provided piano lessons for her, and at the time she was taking one lesson a week.

The piano was out of tune, no question of that, and there is testimony, undisputed, that for the daughter to pursue her studies and become proficient in music, the piano had to be kept in tune. The father testified the piano had been tuned the year before, and that he had arranged for the tuner to return, but there is evidence that it had not been tuned for two or three years.

The authorities are agreed that a proper education is a necessary. What is a proper education in a given case depends on the circumstances of the case. A common school education is a necessary. While it has been held in several cases that a higher or classical or professional education is not a necessary, the holding is usually qualified by the statement that circumstances may exist where such an education may be a necessary as a matter of fact. 31 C. J. p. 1079; 29 Cyc. p. 1608; 14 R. C. L. p. 257; note 42 L. R. A. (N. S.) 1115. The leading case is *International Text Book Co.* v. *Connelly*, 206 N. Y. 188 (99 N. E. 722, 42 L. R. A. [N. S.] 1115). In *DeMoss* v. *Giltner*, 5 Ky. Law Rep. 691, abstracted and not reported in full, it was held that instruction in music and painting was not a necessary under the circumstances of the case.

We quote from *Cory* v. *Cook*, 24 R. I. 421 (53 Atl. 315):

"It is clear from the foregoing statements of the law (and they are well supported by authority) that the word *'necessaries'* is a relative term and is not limited to those things which are indispensable to the infant's personal support and comfort. Whether a college or a strictly professional education could be classed with necessaries under any circumstances, we are not called upon to decide. But that such an education and training as will fit one for the ordinary duties of life in the sphere in which he moves, and enable him to earn a respectable and honest living in his chosen vocation, should be so classed we have no doubt. And we do not agree with the contention of plaintiff's counsel that, simply because the State, through its public school system, furnishes the facilities for a common school education, the father cannot be held liable for anything in the way of supplemental or additional training for the

child. This must also be left to depend upon the circumstances of the case. If the child lives in a city like Providence, for instance, where, under its very superior system of public schools, which system includes both mental and manual training, he can obtain at the public expense an education which is probably equal, if not, indeed, superior in practical value to a college education of a century ago, it may perhaps be doubted whether the father could be legally held liable for anything in addition thereto in the way of educational training. But where, as in the case at bar, the child lives in a country town, the schools of which do not furnish, and cannot be expected to furnish, those facilities for a broad education, including a business or commercial training, which many city schools do furnish, we do not think it would be reasonable to hold that the father, by reason of the existence of public schools in the town, is *necessarily* relieved from all liability for the additional training of his child.''

In *International Text Book Co.* v. *Doran,* 80 Conn. 307 (68 Atl. 255), a boy contracted to take a course in electricity and to pay $77 for it at $5 per month. It was held:

''Education furnished to an infant may be necessary to him, but only when it is suitable to his wants and condition. Whether education of a merely preliminary character, such as was furnished in the present case, was a necessary to one who had spent two years at a high school, was a question of fact, and properly disposed of, as such.''

In the case at bar musical education of the child was recognized by the father as befitting and advisable. The amount involved is small and easily within the father's means. The service was necessary to the child's pursuing her studies. There is evidence that the father neglected to provide it. The

case is a close one on the authorities, but we are constrained to hold that the court did not err in submitting the question to the jury.

No reversible error is found.

Affirmed.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.