After a trial, a judgment was entered herein for the plaintiff, a minor, to recover the full purchase price paid by him to the defendant for an automobile, which machine had been returned to the defendant before the minor took steps to disaffirm the contract. When it was returned, the car was in a *Page 472 
damaged state due to a collision resulting from defective brakes thereon. The plaintiff had been in possession of the car for about two months.
Upon motion, the judgment was opened to permit the defendant to claim that the judgment should be reduced by the amount of the damage to the car or that a judgment be entered for such sum on a counterclaim. The plaintiff has demurred to the amended answer and counterclaim on the ground that he was not required by law to return the car in as good condition as when it was delivered to him; and that he did all that the law required when he returned the car in its then condition.
Thus, the question presented is whether a minor who brings an action for a return of the purchase price paid by him for an article of personal property is liable to the adult with whom he dealt for the value of the depreciation of the article while it was in the minor's possession. In other words, must a minor, in order to recover back the full price, return the article in as good condition as when he took it. The courts in this country are in conflict on the question, as has been observed by various text writers. 1 Williston, Contracts (Rev. ed. 1936) § 238, p. 700; 43 C.J.S., Infants, § 75(e), p. 174; Anno.,50 A. L. R. 1187; Note, 38 Yale L. J. 994.
While such an action as this is in the nature of assumpsit for money had and received, there is no question but equitable considerations have some application, as the minor seeks thereby to rescind an executed contract. Myers vs. Hurley Motor Co.,273 U.S. 18, 50 A. L. R. 1181. It is a fundamental axiom that "he who seeks equity must do equity" and it is equally axiomatic that the privilege given to a minor to avoid contracts made in good faith is to be used as a shield for his own protection and not as a sword for injury to the other party. Shutter vs. Fudge,108 Conn. 528.
In Creer vs. Active Auto Exchange, 99 Conn. 266, a minor sought to recover the sums paid by him on account of the purchase price of an automobile. The trial judge instructed the jury "to allow the defendant any actual depreciation in the value of the car while in plaintiff's possession." In answer to an interrogatory, the jury found that the car had been returned in as good a condition as when delivered to the plaintiff, and gave a verdict for the minor, so that the instruction referred to was not directly involved in the appeal. However, in its *Page 473 
opinion, the Supreme Court of Errors comments that the "defendant was accorded the full measure of recovery allowed byour law", thus giving tacit approval of the charge as given. (Id. p. 280; italics added.)
Our law on this subject stems back to Riley vs. Mallory,33 Conn. 201, where it was held that the "true rule" is that "the infant may renounce his purchase and recover back the purchase money upon the restoration of the property purchased." (Id. p. 208.) Later, the court inferentially approved of theRiley case by stating that in Connecticut, "the privilege of avoidance is . . . refused to an infant who has so enjoyed or availed himself of the consideration that the parties cannot be restored to their original position." Coburn vs. Raymond,76 Conn. 484, 492.
In the Shutter case, supra, it was held that in an action by the adult to collect the purchase price of personal property from a minor, the latter may defend on the ground of his nonage and is required only to return so much of the property as remains in his possession in whatever condition it may be, but the court recognizes a distinction in "actions brought by the infant to recover money or property parted with by him under a contract which he seeks to rescind and so involving the maxim that the infant is premitted to use his privilege as a shield but not as a sword, and other equitable considerations which are not equally applicable where infancy is interposed as a defense to an action by the adverse party, based upon a contract made by the infant." (Id. p. 532.)
From the foregoing it would appear that in Connecticut a minor is accountable for depreciation in the value of the property while in his possession. Professor Williston, while admitting that the majority rule is to the contrary, refers to the "increasing number of jurisdictions" coming to this conclusion and calls this the "better rule" on the ground that "the minor should not be permitted to overreach any more than the adult." (1 Williston Contracts (Rev. ed. 1936) § 238, pp. 705-707.)
 The demurrer is overruled.