BARBER, Respondent, v. GROSS, Appellant

(51 N. W.2d 696)

(File No. 9242. Opinion filed February 4, 1952)

Rehearing denied March 24, 1952

**Fosheim & Blue,** Huron, for Defendant and Appellant.
**Temmey & Luby,** Huron, for Plaintiff and Respondent.

LEEDOM, J. Plaintiff, the respondent here, brought this action to recover on a $1,000 promissory note given him by defendant as part payment on the price of a spraying machine used for spraying or dipping livestock. In his answer defendant, who brought this appeal, alleged that he was only 18 years old at the time of making the note and that he had "disaffirmed" the contract "by tendering and offering to return the said 'Spray Dip' "; and he counter-claimed for the $400 paid on the price at the time of the purchase. It is our opinion that it was error for the circuit court to direct a verdict for the plaintiff.

The evidence discloses: that appellant was only 18 when he bought the equipment; that he paid $1,400 for it, $400 down and gave the note in addition; that about 9 months after the purchase and after the note matured he went to respondent and told him he "wanted to give the machine back in just as good condition" as when he got it, and respondent refused to accept it; that the machine had been used when he bought it; that appellant had used it, upset it on the highway and had repairs made. Appellant's father testified the equipment was as good when the offer to return was made as when his son bought it. The repair-man testified it was "very close" to as good condition after he completed the repairs as before the upset. The record shows no rebuttal evidence on the condition of the machine as respondent's motion for a directed verdict came at the end of appellant's case and was granted. The grounds stated in the motion were: (1) that there had been no act establishing a disaffirmance of the contract; (2) that there had been no offer of full restoration to respondent of the consideration appellant received in the transaction in that the machine having been used and damaged could not possibly be

as good as when purchased; and (3) that there had been no offer to restore the value of this deterioration.

Nowhere in appellant's answer or counterclaim nor in his proof is there a specific offer to make restoration as to the deterioration or depreciation in value during the time the machine was used by appellant. The allegations of the pleading and the proof as well relate only to offers to return the machine. It is not in dispute however that respondent had received and retained the $400 on the price.

■■ It is our opinion that appellant, being a minor over 18 years of age, has a right to disaffirm his contract but that he is liable under SDC 43.0105 for the depreciation and deterioration of the equipment while it was retained by him. LeBaron v. Berryessa Cattle Co., 78 Cal.App. 536, 248 P. 779. The trial court in directing a verdict apparently took the position that the minor must either pay the amount of the depreciation to the seller or offer to so pay before he had any standing in court. Applying the rules relating to rescission of contracts this position of the trial court was perhaps correct; it is our view however that in cases involving the contracts of minors a liberal rule should apply. In this type of action, whether one brought by the minor or one, such as this, where the minor after being sued at law upon the contract, pleads minority and disaffirmance as a defense, we believe the court should treat the proceeding as one seeking disaffirmance, and as a condition to the entry of judgment in favor of a minor over 18 should in each instance require the minor to do equity as a prerequisite to disaffirmance. Careful preparation of pleadings would involve allegations either of an offer to do equity or to make full restoration for depreciation, if any, in value. Such allegations here would have clarified the issues.

■ Appellant offered to return the property he received. He took the position that the machine was in as good condition when he offered to return it as when he received it. Respondent having received and retained the $400 down payment took the position the machine had been damaged and deteriorated to such extent it was substantially reduced in value or even valueless for the purpose intended, and that the offer to return it was not an offer to restore the consider-

ation. Under this record the trial court should have required the plaintiff to go forward with evidence on the issue of depreciation. Murdock v. Fisher Finance Corp., 79 Cal.App. 787, 251 P. 319. If depreciation is found the court should make proper provision for the amount thereof as a condition to entry of judgment based upon a disaffirmance of the contract by the minor. Starr v. Watkins, 78 Neb. 610, 111 N.W. 363. It follows that it was error to direct a verdict.

The judgment of the circuit court is reversed.

ROBERTS, RUDOLPH and SMITH, JJ., concur.

SICKEL, P. J. concurs specially.

SICKEL, P. J. (concurring specially). The circuit court directed a verdict for plaintiff in this case and rendered judgment against the defendant on his note. Defendant's counterclaim for recovery of the $400 down payment was dismissed. Defendant then appealed to this court and assigned as error the granting of the motion for directed verdict and the dismissal of the counterclaim. This placed in issue before this court the grounds upon which the motion for a directed verdict was based. These grounds are: First, that the evidence is insufficient to show defendant's disaffirmance of the contract. Second, that defendant, a minor over eighteen years of age, has failed to prove that he has restored the damage caused by the upset on the highway. Third, that the machine depreciated in value because of its use by the minor, and that the minor has not offered to restore this damage.

The circuit court must have decided that the minor had not disaffirmed the contract because it is only on this premise that the judgment could have been entered for the vendor on the note, and the recovery of the down payment by the minor denied. By the entry of judgment against the minor on the note, the court enforced the minor's contract.

The minor testified that both before and after the commencement of the action he stated to the vendor that he wanted to return the machine and that the vendor refused to accept it, and this was not denied. The minor made the same offer in his pleadings and on the witness stand. The allegations of infancy and disaffirmance are included in the

minor's answer. This is sufficient to constitute disaffirmance of the contract, 43 C.J.S., Infants, § 75d. Thereafter the contract of the minor was void ab initio and no valid judgment could be entered thereon.

On the issue of damages the vendor alleged in his pleadings that the machine was upset on the highway and damaged while in the minor's possession, and that the damages resulting from such upset have not been restored by the minor. The vendor urges that such restoration is a condition precedent to disaffirmance of the contract. The fundamental principles regarding disaffirmance are well established. First, a minor's contract is void ab initio upon disaffirmance whether the minor was over or under the age of eighteen years when the contract was made. 43 C.J.S., Infants, § 75f; Le-Baron v. Berryessa Cattle Co., 78 Cal.App. 536, 248 P. 779; Leonard v. Tulsa Building and Loan Ass'n, 184 Okl. 558, 88 P.2d 875. Second, specific property in the minor's possession and which came to him under contract must, upon disaffirmance, be returned to the vendor. Shutter v. Fudge, 108 Conn. 528, 143 A. 896. Third, upon such redelivery the minor is entitled to the return of the consideration therefor, or its value. Schoenung v. Gallet, 206 Wis. 52, 238 N.W. 852, 78 A.L.R. 387.

Restoration is a duty which the statute imposes upon the minor who was over eighteen years of age when the contract was made, and one which the courts recognize and enforce, but not as a limitation upon the statutory and common law right of a minor to disaffirm his contracts. So far as this case is concerned the undisputed evidence shows that the machine was repaired after the accident and placed in as good condition as before so far as damages by the accident are concerned. This issue was abandoned by the vendor at the trial.

The next issue presented on this appeal relates to depreciation from ordinary use. Though it was a secondhand machine when the minor bought it, he used it some during several months before the commencement of this action, which use may or may not have caused depreciation of it. However, there is no evidence of the extent of the use nor

of depreciation from use and no evidence of the value of the machine at the time of the trial.

In the absence of competent evidence to prove the depreciation there was no basis for finding that depreciation existed. It also appears that the vendor made no claim in his pleadings for depreciation of the machine because of its use by the minor while it was in his possession. Neither did he introduce any evidence in support of any such claim. The record shows that at the trial the minor offered to show the extent of the use of the machine while in his possession, but to this offer the vendor objected and the objection was sustained. Upon the record as made the right of the minor to restoration of his note and the recovery of the consideration paid is not affected in this action by any possible right of the vendor to allowance for depreciation or use of the machine by the minor. Schoenung v. Gallet, 206 Wis. 52, 238 N.W. 852, 78 A.L.R. 387.

The case is now in this position: The judgment against the minor on the note is reversed and set aside on this appeal, and in this I concur. However, the reversal is not based on a disaffirmance of the contract. That issue has not been decided by this court. The judgment is reversed on the ground that the minor must allege and prove depreciation on the machine from ordinary use as a condition precedent to disaffirmance, and the case is remanded to the circuit court for the framing and trial of that issue. How then are the parties to proceed on a retrial? The minor may obtain a judgment of disaffirmance if he is willing to allege and prove depreciation, but the minor denies depreciation, and has no object in establishing an additional liability to the vendor. If the minor does assume the burden of proving depreciation, the vendor may resist this proceeding and defeat disaffirmance by assuming the position, and by attempting to prove, that the machine has not depreciated while in the minor's possession, and it is in the interest of the vendor to do so because, so long as there is no disaffirmance of the contract, he is entitled to judgment on his note and need not refund the $400.

It seems to me that the court has erred on two propositions: First, in holding that determination of depreciation

is a condition precedent to disaffirmance of a minor's contract, and second, in holding that the burden of alleging and proving depreciation is on the minor.