THE PUBLISHERS AGENCY, INC., *v.* BROOKS

1. COURTS—COMMON PLEAS COURT OF DETROIT—GENERAL COURT RULES—APPLICABILITY.

   The General Court Rules of 1963 govern the practice in the common pleas court of Detroit only in matters not provided for by a rule of that court (GCR 1963, 11.1).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur 2d, Courts §§ 82, 84, 85.
[2] 23 Am Jur 2d, Depositions and Discovery § 37.
[3] 23 Am Jur 2d, Depositions and Discovery §§ 37, 97, 99, 103, 112.
[4] 42 Am Jur 2d, Infants §§ 65, 67, 71.
[5] 42 Am Jur 2d, Infants § 68.

2. Depositions—Use in Common Pleas Court of Detroit—Court
Rules.

> A litigant in Detroit common pleas court must raise prior to
> trial any objections he may have to the notice or manner
> of taking depositions or written interrogatories by the other
> party or the objection is considered waived (Common Pleas
> Court of Detroit Rule 22).

3. Same—Use in Common Pleas Court of Detroit—Court Rules—
Timely Objection.

> Failure of trial judge in Detroit common pleas court to allow
> plaintiff to put in evidence a deposition given by one of its
> employees regarding a contract in question *held* error, where
> defendant made no objection prior to trial to the notice or
> manner of taking such deposition and there was no finding
> that defendant had not had notice prior to the trial of the
> taking of the deposition (Common Pleas Court of Detroit
> Rule 22).

4. Contracts — Execution by Minor — Liability — Necessaries —
Education.

> A proper education is a necessary which an emancipated minor
> can be held liable to pay for under a contract executed by him,
> but what constitutes a proper education depends on the cir-
> cumstances of each case.

5. Same—Liability of Minor—Necessaries—Education.

> Whether a contract for the purchase of books can under any
> circumstances be a contract for necessaries under which an
> emancipated minor can be bound is a question of law for
> the courts; but if the court rules that it *can*, then the question
> of whether it *was* such a contract is for the trier of fact to
> decide after considering the minor's prior education, station
> in life, potential for benefit, and other relevant facts.

Appeal from Common Pleas Court of Detroit,
Kent (George D.), J. Submitted Division 1 Janu-
ary 12, 1968, at Detroit. (Docket No. 3,668.) De-
cided December 2, 1968.

Complaint by The Publishers Agency, Inc. against
Robert L. Brooks to recover money due on a con-

tract for the sale of books.   Judgment for defendant. Plaintiff appeals.   Reversed and remanded.

*Leo Papp,* for plaintiff.

*Andrew W. Foster, Jr.,* for defendant.

Levin, J.   Plaintiff appeals a judgment of no cause of action, assigning as error the trial judge's refusal to allow use of a deposition on written interrogatories put by the plaintiff to one of its employees.

When this action was tried the rules of the common pleas court of the city of Detroit provided only for depositions of an opposite party and of a plaintiff's assignor and for certain physical examinations, and then only upon authorization and order of the court following application, notice and hearing.[1]   Plaintiff did not obtain such a court order before issuing the interrogatories.   On this appeal plaintiff contends that no such order was required. Plaintiff relies on GCR 1963, 302 *et seq.* which permits taking depositions upon oral examination or written interrogatories without first obtaining the court's permission.

The general court rules of 1963 do not govern practice in the common pleas court of Detroit. However, rule 39 of the common pleas court of Detroit does partially adopt the general court rules:

---

[1] Rule 25, Common Pleas Court of Detroit, as it read prior to its amendment effective May 31, 1967.   Effective May 31, 1967 rules 22, 24 and 25 of the common pleas court of Detroit were amended to adopt for the common pleas court of Detroit the discovery practices and procedures of the Michigan General Court Rules of 1963. Amended common pleas court rule 24 provides, however, that, where the amount of damages claimed as per itemized statement or bill of particulars is $1,000 or less, all discovery proceedings with reference to said action shall be by leave of court upon motion filed in compliance with common pleas court rule 17.

"In all matters not herein provided for, or not expressly prohibited or specified by statute, the Michigan Court Rules shall govern."

Plaintiff contends it properly availed itself of the provisions of the general court rules, which do permit a party to take the deposition of one of its own employees, because common pleas court rule 25 does not purport to cover such a deposition, rule 25 covering only depositions of an *opposite* party or of a plaintiff's assignor. Plaintiff also argues that the provision in GCR 1963, 302.1 stating that depositions may be taken and used in accordance "with these rules for use as evidence only" in all actions pending before any "probate court  *  *  *  justice of the peace, or *other* court not expressly covered by these rules" (emphasis supplied) allows plaintiff to use as evidence the excluded deposition that was here offered at trial.[2]

We see no need to decide those questions, since we find ourselves in agreement with another of plaintiff's arguments, which argument is based on the defendant's failure to have objected before the trial to the taking of such deposition. Common pleas court of Detroit rule 22, before its recent amendment (see footnote 1), provided:

"Objections to notices of, and objections to the manner of taking, certifying or returning depositions shall be noticed for hearing before the Court, by motion to suppress or otherwise by the party making the same, within five (5) days after such objections are made, and if not so noticed for hearing, the same shall be considered waived."[3]

---

[2] A deposition of a witness, whether or not a party, may be used if, among other reasons, the witness is at a greater distance than 50 miles from the place of trial. GCR 1963, 302.4(3). It appeared that the witness whose deposition on written interrogatories was offered was over 50 miles from Detroit.

[3] Compare GCR 1963, 308 concerning effect of errors and irregularities in depositions.

A fair reading of rule 22 obligates a litigant to voice prior to the time of trial any objection he may have, including an objection going to the failure to have sought and obtained a court order authorizing the taking of written interrogatories.

The record on appeal in this case shows that a copy of the written interrogatories, the answers to which were excluded, was filed with the court February 20, 1967, with proof of service upon the attorney for the defendant showing service upon him on February 16, 1967. A copy of the written interrogatories and answers thereto was received March 6, 1967, by the clerk of the common pleas court. Plaintiff's briefs in this court state that notice of receipt by the common pleas court of such interrogatories and answers thereto on March 6, 1967, was mailed by the court clerk on or about March 7, 1967, to counsel for both parties. The docket entries do not show the sending of such notice by the court clerk, but it may not be the practice to record the sending of such notice.[4] Defendant's counsel denies he was aware prior to the time of trial that the deposition had been taken.

No finding by the trial judge was made on the issue whether the defendant had notice prior to the time of trial of the taking of the deposition. In the absence of a finding that notice was not in fact sent to the defendant, we think plaintiff entirely justified in relying on the provisions of rule 22.[5] According-

---

[4] In this connection we observe that there is no docket entry showing receipt by the court clerk of the interrogatories and answers on March 6, 1967, although a copy thereof appears in the file with a stamp mark showing receipt thereof on that date.

[5] We do not by this opinion preclude a finding on remand that the notice of proposed taking of the deposition on written interrogatories was not in fact sent to defendant's attorney, and a refusal by the trial judge for that reason to allow use of the deposition. Otherwise, plaintiff may use the deposition at the retrial subject to objections other than in respect to the failure to have obtained prior to such retrial an order of court authorizing the taking thereof.

ly, we hold the trial judge erred in failing to permit plaintiff to use the deposition on written interrogatories, the defendant having failed, in accordance with the requirements of rule 22, to have voiced timely objection to the notice or manner of taking such deposition.

The trial judge did not file findings of fact. For that reason, we are unable to decide whether the answers to the written interrogatories might have overcome whatever deficiencies in proofs the trial judge perceived when he declared a no cause upon the conclusion of plaintiff's proofs. We recognize the trial judge may very well have concluded that the defendant did not sign the contract relied on by the plaintiff, but in the absence of such a finding we cannot review this case on that assumption.

Turning briefly to the merits, this is a suit on a written contract which plaintiff asserts defendant signed while in the armed forces stationed in Germany. The contract provides for the sale by the plaintiff to and the purchase by the defendant of the plaintiff's 14-volume New American Educator Encyclopedia, a 2-volume Webster dictionary, a 4-volume science library, a 1-volume World Atlas, a 3-volume reference library and certain upkeep services, for a purchase price of approximately $260, $10 down and $10 a month, plaintiff claiming only 1 such monthly payment was made although, so plaintiff claims, the books were delivered to the United States address shown on the contract and never returned. Defendant received an honorable discharge from the service within a few months after the contract date. The defense was nonexecution of the purported contract and that defendant was a minor at the time it was entered into.

The briefs of the parties argue, without reference to any of the precedents, the parties' competing

views of the law concerning the liability of a minor for necessaries he contracts to purchase. To facilitate the retrial now ordered we have examined the authorities.

A proper education is a necessary, but what is a proper education will depend on the circumstances of the case.[6] Whether a contract to furnish reference books designed, as claimed by plaintiff in this case, to instruct and educate a minor can, under any circumstances, be a contract for necessaries is a question of law for the court.[7]

We are persuaded from what does appear in the record concerning the nature of the books described

---

[6] 27 Am Jur, Infants, § 19; *International Textbook Company* v. *Connelly* (1912), 206 NY 188 (99 NE 722, 42 LRA NS 1115) and accompanying note: Infants: Education or Instruction as Necessary. In the cited case the court held that the plaintiff's failure to show the real circumstances of the defendant was a failure of proof and on that ground affirmed the trial court's determination that a 5-year mail order course of instruction in "complete steam engineering" was not a necessary.

Compare *Sisson* v. *Schultz* (1930), 251 Mich 553, affirming a jury verdict against the father of a 12-year-old daughter for $5 in favor of a piano tuner who had been hired by the daughter who was taking music lessons with her father's approval.

See, also, *Mauldin* v. *Southern Shorthand and Business University* (1906), 126 Ga 681 (55 SE 922, 8 Ann Cas 130) and accompanying note: Contract by infant for instruction or education as contract for necessaries. In the cited case the court held that the failure of the business university to show the particular facts and circumstances constituted a failure to sustain its burden of proof that the course of instruction in stenography was a necessary (pp 682, 683): "Whether instruction is a necessary or not is a question depending upon the facts and circumstances of the particular case which go- to show the state, degree, and condition of life in which the infant is, the validity of whose contract may be under consideration. And such we consider the science or art of stenography. Whether a course in that branch of learning would be a necessary to a young lady 17 years of age would depend entirely upon that particular infant's condition in life and the particular sphere in society or calling in life which her previous education and attainments had prepared and fitted her to occupy or fill."

[7] "Whether the nature of a contract is such that it can, under any circumstances, be regarded as a contract for necessaries, is a question of law; but if the court decides that under some circumstances such a contract might be for necessaries, it then becomes a question of fact for the jury whether it was so in a particular case." 1 Williston on Sales, § 22, p 62.

in the contract that under some circumstances they could be regarded as necessaries.  Whether they were necessaries for the plaintiff in this case is a question for the trier of fact[8] to be resolved based on all the facts and circumstances, including the defendant's prior education, the trier's appraisal of his educability by the means proposed, his station in life and potential for benefit from the proposed education and such other relevant facts and circumstances as shall be offered for consideration.

The cause is remanded for a new trial.  Costs to abide the event.

T. G. Kavanagh, P. J., and Beer, J., concurred.

---

[8] *Lynch* v. *Johnson* (1896), 109 Mich 640; *Welch* v. *Olmstead* (1892), 90 Mich 492.

See, also, *Nielson* v. *International Textbook Company* (1909), 106 Me 104 (75 A 330, 20 Ann Cas 591), and accompanying note: Contract by infant for instruction or education as contract for necessaries, holding it was proper to submit to the jury the question whether a contract to furnish a minor with a course of correspondence instruction in electrical engineering was a necessary, and affirming a jury verdict in the minor's favor (p 106):

"Ordinarily the question whether articles sued for are necessaries or not is a question of fact to be submitted to the jury under proper instructions, unless in a very clear case where the court would be warranted in directing a jury authoritatively that some articles cannot be necessaries for any minor."