[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On April 14, 1996, the plaintiff, Paul Addario, then a minor, purchased a 1961 Ford Ranchero from the defendant for $2,500.00. He sought to void this transaction but the defendant declined to return the sum in question.
At trial, the defendant took the position that this was not a transaction involving a minor because the minor acted through and was assisted by an adult, as his agent. In the alternative, he argues that this was a completed cash sale and as such there is no contract left to be rendered void.
 I
The defendant claims that the minor was accompanied by an adult in the course of this transaction and that the adult asked questions about the vehicle. Though he admits that he knew I the purchaser was the minor and that it was the minor's money, he CT Page 3631 offers this agency theory because the minor handed the money to the adult who handed it to the defendant. (The plaintiff denies this). The defendant also argues that this adult drove the purchased vehicle away.
Assuming as facts the defendant's scenario, the court finds no basis to suggest that this was not a purchase by the minor. The adult who was present did not stand "in loco parentis" to the minor. He was the father of a friend of the minor, both having accompanied this plaintiff to the car trade show in the minor's car. The minor's registration plate was placed on the vehicle, and it was the minor who received the bill of sale and the car keys from the defendant. The defendant did not insert any name in the bill of sale under "purchaser".
As for the agency theory, even if this adult were to be found an agent of the minor, the acts performed would still be the acts of the minor. The defendant is suggesting that a long standing common law doctrine designed to protect minors could be eliminated by the simple process of having the minor employ an adult to do his bidding.
It is also inconsistent with the law of agency to posit that the use of an agent can alter the legal capacity of a principal.
Counsel offers no authority for the novel theory advanced.
The court concludes that the transaction in question was between the plaintiff minor and the defendant, that the minor acted on his own and by himself, that the adult present was not his agent and even if he had been the minor's agent, the contract would still be that of the minor.
 II
The defendant also argues that cash sales, and by implication all completed transactions, are excluded from those transactions minors may seek to void.
The defendant offers no case law or other authority to support this theory, but cases dealing with this subject support the opposite view, that a child who enters into a contract may elect "to avoid the legal relations created by the contract . . ." 1 Restatement (Second) Contracts § 7. Blancato v. FeldsparCorporation, 203 Conn. 34, 41 (1987). This case dealt with an CT Page 3632 employment contract which the court ruled was illegal and could thus be rendered void by the minor's legal representative, the minor having since died. This was certainly a "completed contract", and the action taken avoided the legal relations created by the contract.
In an 1866 case, our Supreme Court noted that an infant (minor) may avoid contracts whether executed or executory. Rileyv. Mallory, 33 Conn. 201, 208 (1866).
For a trial court decision supporting the position that a minor may rescind a sale, see Frank Cocco v. Frank B. Glennon,13 Conn. Sup. 471, (1946). That case also involved the sale of a motor vehicle. A Connecticut Supreme Court decision on point isGreer v. Active Automobile Exchange, Inc., 121 A. 888 (1923).
The court rejects the defendants argument and declines to adopt a proposition which would ignore the underlying basis for the common law rule.
 Where one party to an agreement possesses legal disability of this type, we will not permit the other, who occupies a superior bargaining position, to raise the agreement as a shield against the child's common law suit. Citations omitted. Blanco, supra, at pg. 40.
CONCLUSION
Judgment may enter for the plaintiff to recover of the defendant the sum of $2,500.00, with interest at the legal rate from April 14, 1996 to the date hereof, March 25, 1998, in the amount of $486.00.
The court finds that no credit is due the defendant for depreciation of the vehicle because of his failure to act upon the plaintiff's notice or rescission.
Upon payment of this judgment, the defendant is entitled to the return of the vehicle and its bill of sale.
The plaintiff is entitled to taxable costs.
DeMAYO, S.T.R. CT Page 3633